EDWARDS WILDMAN

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy

+1 212 912 2787
fax +1 212 308 4844
rmcevoy@edwardswildman.com

RECEIVED
JAN 7 - 2013
CHAMBERS OF
COLLEEN McMAHON

January 7, 2013

**VIA FACSIMILE**

OK – 30 day extension is granted.

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
Room 1350
New York, New York 10007

MEMO ENDORSED

[signature]
1/8/2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/8/2013

Re: *Varughese v. Mount Sinai Medical Center, et al.*
12 Civ. 8812 (CM)

Dear Judge McMahon:

On behalf of our clients, The Mount Sinai Hospital (named herein as Mount Sinai Medical Center), Carlos Cordon-Cardo, M.D., Adolfo Firpo, M.D., and Ira J. Bleiweiss, M.D. (collectively, "Defendants"), I write in response to the letter from Plaintiff's counsel, Ronald J. Wronko, opposing Defendants' request for a thirty-day extension of time to move against, answer, or otherwise respond to the Complaint. The essential basis for Mr. Wronko's opposition, other than his self-serving assertions about the merits of Plaintiff's case, is that because there was an internal appeal and an EEOC proceeding in which my firm represented Mount Sinai there is no need for an extension.

In fact, the internal appeal (as Mr. Wronko calls it) dealt primarily with issues regarding Plaintiff's medical practice and professionalism. That hearing did not address many of the factual allegations, particularly those involving discrimination and retaliation, raised in the Complaint. With regard to Plaintiff's EEOC charge, it consisted of 38 paragraphs (as compared to the 175 paragraphs contained in the Complaint) claiming only sex discrimination and retaliation. Although Plaintiff later filed an amended charge alleging national origin discrimination, Mount Sinai never responded to that charge because Plaintiff asked for a right to sue letter only a few days after it was filed with the EEOC. Therefore, Mount Sinai and the individual defendants never addressed Plaintiff's claims for (i) national origin discrimination; (ii) hostile work environment; (iii) tortious interference with economic advantage; (iv) defamation; (v) breach of contract; (vi) breach of covenant of good faith and fair dealing; (vii) violation of the whistleblower law; (viii) violation of § 1981; (ix) violation of the Family and Medical Leave Act; (x) intentional infliction of emotional distress; and (xi) aiding and abetting liability against the individual defendants in any prior proceeding. In addition to the need to investigate the





numerous factual allegations in support of these claims, Defendants need to determine whether to move to dismiss some or all of the Complaint.

Plaintiff's claim that Defendants request should be denied because she "needs this matter to proceed in an efficient matter [sic] without unnecessary delays" also rings hollow. For example, Plaintiff's right to sue letter is dated September 20, 2012 but she did not file her lawsuit until more than two months later on December 4, 2012. In addition, even at this late date, Plaintiff has not served individual defendant Lento. Put simply, a thirty-day extension will not unduly delay the resolution of Plaintiff's claims.

Accordingly, Defendants ask that their request for a thirty-day extension be granted by the Court.

Respectfully submitted,

Rory J. McEvoy

cc: Ronald J. Wronko, Esq. (via facsimile)