EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
The Mount Sinai Medical Center, Patrick Lento, M.D.,
Carlos Cordon-Cardo, M.D., and Ira J. Bleiwess, M.D.
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LEENA VARUGHESE, M.D.,                    :

        Plaintiff,                         :

          v.                              :    12 Civ. 8812 (CM) (JCF)

MOUNT SINAI MEDICAL CENTER, PATRICK   :    **CONFIDENTIALITY**
LENTO, M.D., CARLOS CORDON-CARDO,          **STIPULATION & ORDER**
M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWESS, :
M.D., and ABC Corp. 1-10, and JOHN DOES 1-10,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      WHEREAS, Plaintiff Leena Varughese, M.D. ("Plaintiff") and Defendants The

Mount Sinai Medical Center ("Mount Sinai"), Patrick Lento, M.D., Carlos Cordon-Cardo, M.D.,

and Ira J. Bleiwess, M.D. (the "Defendants") (collectively "the parties") are presently engaged in

discovery; and

      WHEREAS, some information sought by the parties or contained in documents

sought by the parties is considered to be of a confidential and/or proprietary nature; and

WHEREAS, the purpose of this Stipulation is to permit the parties' counsel to discover such information and documents pursuant to procedures that are designed to protect the confidentiality of that material;

IT IS HEREBY STIPULATED as follows:

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" by the counsel for the parties, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. The parties and their counsel shall designate as "confidential" only information (i) which is not publicly available and (ii) which is produced by the designating party in discovery or introduced into evidence in this action.

2. Information designated as "confidential information" (a) shall be used by the parties only for the purpose of this litigation and not used for any other purposes whatsoever and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available by the parties to anyone except as provided herein.

3. In accordance with the provisions of paragraph 4 below, confidential information may be disclosed only to "qualified persons." "Qualified persons" means (a) counsel of record, and any member of or attorney, legal assistant, secretary, or clerk employed by counsel of record who has been assigned to this litigation; (b) any expert employed, retained or consulted by the parties or counsel for the parties solely for the purpose of assisting such counsel in the preparation of this action for trial; (c) the parties (and any corporate successor or affiliate), including those of Mount Sinai's current or former employees to whom counsel for Mount Sinai believes it necessary to disclose the information in connection with their

2

defenses in the litigation; and (d) any judge who may assume jurisdiction in this action and any attorney, legal assistant, secretary, or clerk employed in the chambers of such judge. The foregoing definition of "qualified persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons.

4.      Any information, whether oral or written, designated confidential may be disclosed only to qualified persons who, prior to such disclosure, shall have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the party they represent and those qualified persons who are members of or employed by their respective firms and (ii) confidential information may be disclosed to those qualified persons described in paragraph 3(d) immediately upon execution of this Stipulation without further action on their part. By signing Exhibit A, each qualified person agrees that he or she shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit A shall be retained by the counsel for the party that requested the qualified person's endorsement.

5.      Each qualified person shall maintain all confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

6.      Prior to any disclosure of confidential information to a qualified person within the category described in paragraph 3(b), counsel for the receiving party shall notify counsel for the designating party as to the identity of such qualified person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such qualified person except as otherwise provided herein.

7.      Nothing herein shall limit any party's ability to introduce into evidence, quote from, or describe confidential information in any proceeding conducted in or by the Court or in any pleadings, motions or other papers filed with the Court. However, any party may apply to the Court for an order setting forth procedures, like these or otherwise, to protect confidential information.

8.      In the event that a party objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, a party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation.

9.      The disclosure by any party of a document or information to a qualified person without designating it as confidential information shall not constitute a waiver of that party's right to designate such document or information as confidential information and, if so designated, the document or information shall thereafter be treated as confidential information subject to all the terms of this Stipulation.

10.     Nothing in this Stipulation shall prejudice any party from seeking any modification of this Stipulation. Further, in the event of a trial of this action, the parties agree that if a party deems it necessary to seek additional safeguards concerning the introduction at

4

trial of documents designated as confidential, the parties shall confer concerning such additional safeguards and, if an agreement is reached, jointly modify this Stipulation to include the agreed upon additional safeguards. In the event the parties cannot agree upon such additional safeguards, the party seeking the additional safeguards shall make an application to the Court for an order approving such additional safeguards.

11.    At the conclusion of this action, each party shall return to the other parties all documentary material embodying information designated by the others as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing.

12.    This Stipulation shall be binding on all qualified persons (other than those described in paragraph 3(d)) and all other persons having knowledge of its terms. It is enforceable by any remedy deemed appropriate by the Court.

13.    The attached addendum is deemed incorporated into the parties' stipulation and confidentiality order.

5

14.    The terms of this Stipulation shall survive and remain in full force and

effect after the termination of this lawsuit.

Dated:  New York, New York
        April 19, 2013

                                        EDWARDS WILDMAN PALMER LLP

                                        By:
                                             Rory J. McEvoy
                                             Julie L. Sauer
                                        Attorneys for Defendants Mount Sinai,
                                        Patrick Lento, M.D., Carlos Cordon-Cardo, M.D.,
                                        Ira J. Bleiweiss, M.D.
                                        750 Lexington Avenue
                                        New York, New York 10022
                                        212.308.4411

                                        RONALD J. WRONKO, LLC

                                        By:
                                             Ronald J. Wronko, Esq.
                                        Attorneys for Plaintiff
                                        134 Columbia Turnpike
                                        Florham Park, New Jersey 07932
                                        973.360.1001

So Ordered:


Honorable Colleen McMahon
Dated: April __, 2013
       23

6

EXHIBIT "A"

AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation, dated April 19, 2013, in the action entitled <u>Leena Varughese, M.D. v. Mount Sinai Medical Center, et al.</u>, 12 Civ. 8812 (CM) (JCF), understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court, Southern District of New York with respect to any controversy arising out of an alleged violation of the Stipulation.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Name Printed |
| | _____ |
| | _____ |
| | Business Address |
| | (including Name of Employer, if any) |

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the
Court a party to the stipulation or imply that the Court agrees that documents designated as
"Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused
by parties and that much material that is not truly confidential is designated as such. The Court
does not intend to be a party to such practices. The Court operates under a presumption that the
entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them.
If the Court issues a decision in this case that refers to "confidential" material under this
stipulation, the decision will not be published for ten days. The parties must, within that ten day
period, identify to the court any portion of the decision that one or more of them believe should
be redacted, provide the court with the purportedly confidential material, and explain why that
material is truly confidential. The Court will then determine whether the material is in fact
genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-
available decision if it concludes that the material discussed is in fact deserving of such
treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed
confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court
will not sign the stipulation, and should allegedly confidential material be produced, the parties
will be referred to the magistrate judge for a document by document review and decision on
whether that document should be subject to confidential treatment.