EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
The Mount Sinai Hospital, Patrick Lento, M.D.,
Carlos Cordon-Cardo, M.D., Adolfo Firpo, M.D.,
and Ira J. Bleiweiss, M.D.
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEENA VARUGHESE, M.D.,

    Plaintiff,

-against-

MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D., and ABC Corp. 1-10, and JOHN DOES 1-10,

    Defendants.

12 Civ. 8812 (CM)(JCF)

**ANSWER TO THE**
**AMENDED COMPLAINT**

---

Defendants The Mount Sinai Hospital (named herein as "Mount Sinai Medical Center") ("Mount Sinai"), Patrick Lento, M.D. ("Dr. Lento"), Carlos Cordon-Cardo, M.D. ("Dr. Cordon-Cardo"), Adolfo Firpo, M.D. ("Dr. Firpo"), and Ira J. Bleiweiss ("Dr. Bleiweiss"), (collectively "Defendants"), by their attorneys, Edwards Wildman Palmer LLP, answer the Amended Complaint as follows:

    1.    Deny each and every allegation contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to asserts claims (i) under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) under the New York State Human Rights Law ("NYSHRL"); (iii) under the New York City Human Rights Law ("NYCHRL"); (iv) for tortious interference with

prospective economic advantage; (v) for defamation and defamation per se; (vi) New York State law for breach of contract; (vii) for breach of the covenant of good faith and fair dealing; (viii) under New York State's Whistleblower Law; (ix) under Section 1981 of the Civil Rights Act ("Section 1981"); (x) under the Family Medical Leave Act; (xi) for intentional infliction of emotional distress; and (xii) for injunctive relief.

2. Deny each and every allegation contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

3. Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that venue is proper in the United States District Court for the Southern District of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiff is a female.

5. Deny each and every allegation contained in paragraph 5 of the Complaint, except admit that Mount Sinai is a hospital and it is incorporated pursuant to the not-for-profit law of the State of New York and Mount Sinai's mailing address is One Gustave L. Levy Place, New York, New York 10029.

6. Deny each and every allegation contained in paragraph 6 of the Complaint, except admit that Mount Sinai employs more than 20 individuals and refer to the referenced federal, New York State and New York City statutes for their contents.

7. Deny each and every allegation contained in paragraph 7 of the Complaint, except admit that Plaintiff was employed by Mount Sinai as a House Staff Officer in HS Pathology and refer to Title VII and Section 1981 for their contents.

8. Deny each and every allegation contained in paragraph 8 of the Complaint, except admit that Dr. Lento served as the Residency Program Director in the Department of Pathology (the "Department") from July 1, 2010 until November 30, 2011.

9. Deny each and every allegation contained in paragraph 9 of the Complaint, except admit that Dr. Cordon-Cardo has served as the Chair of the Department since April 1, 2011.

10. Deny each and every allegation contained in paragraph 10 of the Complaint, except admit that Dr. Firpo has served as the Director of Educational Activities of the Department since June 2011.

11. Deny each and every allegation contained in paragraph 11 of the Complaint.

12. Deny each and every allegation contained in paragraph 12 of the Complaint, except admit that Plaintiff commenced employment at Mount Sinai on July 1, 2008 as a house staff officer.

13. Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that Plaintiff entered into four one-year employment contracts with the Hospital that commenced on July 1, 2008, July 1, 2009, July 1, 2010, and July 1, 2011.

14. Deny each and every allegation contained in paragraph 14 of the Complaint and refer to the employment contracts between Plaintiff and the Hospital for their contents.

15. Deny each and every allegation contained in paragraph 15 of the Complaint and refer to the employment contracts between Plaintiff and the Hospital for their contents.

16. Deny each and every allegation contained in paragraph 16 of the Complaint, except admit that Dr. Samuel McCash ("Dr. McCash") served as the Chief Resident for the Department from July 1, 2010 through June 30, 2011.

17. Deny each and every allegation contained in paragraph 17 of the Complaint.

18. Deny each and every allegation contained in paragraph 18 of the Complaint, except deny knowledge or information sufficient to form a belief as to how Plaintiff felt.

19. Deny each and every allegation contained in paragraph 19 of the Complaint.

20. Deny each and every allegation contained in paragraph 20 of the Complaint.

21. Deny each and every allegation contained in paragraph 21 of the Complaint.

22. Deny each and every allegation contained in paragraph 22 of the Complaint, except admit that Dr. Schiller interviewed Plaintiff regarding an incident that occurred on December 8, 2010 involving Plaintiff and Dr. McCash.

23. Deny each and every allegation contained in paragraph 23 of the Complaint, except admit that Dr. McCash and Dr. Adrienne Jordan ("Dr. Jordan") are doctors and are Caucasian.

24. Deny each and every allegation contained in paragraph 24 of the Complaint.

25. Deny each and every allegation contained in paragraph 25 of the Complaint, except admit that Dr. Melissa Pessin-Minsley ("Dr. Pessin-Minsley") and Dr. Lento sent Plaintiff a letter dated December 13, 2010 and refer to that letter for its contents.

26. Deny each and every allegation contained in paragraph 26 of the Complaint, except admit that Plaintiff received a Notice of Academic Advisement, dated December 21, 2010.

27. Deny each and every allegation contained in paragraph 27 of the Complaint and refer to the December 21, 2010 Notice of Academic Advisement for its contents.

28. Deny each and every allegation contained in paragraph 28 of the Complaint, except admit that Dr. Pessin-Minsley contacted the Physician Wellness Committee ("PWC") in or around January 2011 regarding Plaintiff.

29. Deny each and every allegation contained in paragraph 29 of the Complaint, except admit that Dr. Bleiweiss completed an evaluation of Plaintiff's performance and refer to that evaluation for its contents.

30. Deny each and every allegation contained in paragraph 30 of the Complaint.

31. Deny each and every allegation contained in paragraph 31 of the Complaint.

32. Deny each and every allegation contained in paragraph 32 of the Complaint.

33. Deny each and every allegation contained in paragraph 33 of the Complaint, except admit that Plaintiff was referred to the PWC.

34. Deny each and every allegation contained in paragraph 34 of the Complaint, except admit that Dr. Jordan is Caucasian and that Dr. Jordan was the co-Chief Resident in the Department from July 1, 2011 to June 30, 2012.

35. Deny each and every allegation contained in paragraph 35 of the Complaint, except admit that Dr. Jordan was co-Chief Resident from July 1, 2011 to June 30, 2012.

36. Deny each and every allegation contained in paragraph 36 of the Complaint, except admit that Dr. Jordan participated in an elective rotation in Pennsylvania during her time as the co-Chief Resident.

37. Deny each and every allegation contained in paragraph 37 of the Complaint and refer to the Notice of Academic Advisement for its contents.

38. Deny each and every allegation contained in paragraph 38 of the Complaint, except admit that Dr. Lento, Dr. Cordon-Cardo, Dr. Firpo and Castaldi met with Plaintiff.

39. Deny each and every allegation contained in paragraph 39 of the Complaint, except admit that Plaintiff wrote a self-reflection essay.

40. Deny each and every allegation contained in paragraph 40 of the Complaint, except admit that Plaintiff was asked to re-write a self-reflection essay.

41. Deny each and every allegation contained in paragraph 41 of the Complaint.

42. Deny each and every allegation contained in paragraph 42 of the Complaint.

43. Deny each and every allegation contained in paragraph 43 of the Complaint.

44. Deny each and every allegation contained in paragraph 44 of the Complaint, except admit that Caryn Tiger-Paillex, Director of Human Resources for the Mount Sinai School of Medicine, sent Plaintiff a letter, dated April 11, 2011, and refer to that letter for its contents.

45. Deny each and every allegation contained in paragraph 45 of the Complaint.

46. Deny each and every allegation contained in paragraph 46 of the Complaint.

47. Deny each and every allegation contained in paragraph 47 of the Complaint, except admit that then counsel for Plaintiff sent Mount Sinai a letter, dated June 10, 2011, and refer to that letter for its contents.

48. Deny each and every allegation contained in paragraph 48 of the Complaint, except admit that Plaintiff received a Final Warning, dated July 1, 2011, and refer to the Final Warning for its contents.

49. Deny each and every allegation contained in paragraph 49 of the Complaint, and refer to the Final Warning for its contents.

50. Deny each and every allegation contained in paragraph 50 of the Complaint, except admit that Dr. Firpo began working at the Hospital in June 2011 as the Director of Educational Activities and that Dr. Firpo met with Plaintiff.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint, except admit that Dr. Scott Barnett met with Plaintiff on September 12, 2011.

53. Deny each and every allegation contained in paragraph 53 of the Complaint, except admit that Dr. Firpo sent Plaintiff an email on September 13, 2011 and refer to that email for its contents.

54. Deny each and every allegation contained in paragraph 54 of the Complaint, except admit that Plaintiff was scheduled to make a presentation on September 14, 2011 that was rescheduled to September 15, 2011.

55. Deny each and every allegation contained in paragraph 55 of the Complaint, except admit that Plaintiff inquired about a medical leave of absence in September 2011 and that Plaintiff was provided with the necessary forms to take such a leave.

56. Deny each and every allegation contained in paragraph 56 of the Complaint, except admit that in September 2011 Plaintiff was instructed not to report to work.

57. Deny each and every allegation contained in paragraph 57 of the Complaint, except deny knowledge or information sufficient to form a belief regarding when and whether Plaintiff received a note from her treating physician.

58. Deny each and every allegation contained in paragraph 58 of the Complaint.

59. Deny each and every allegation contained in paragraph 59 of the Complaint, except admit that on September 21, 2011 Plaintiff was summarily suspended and terminated from her position at the Hospital and refer to Dr. Cordon-Cardo's and Dr. Firpo's letter notifying Plaintiff of her summary suspension and termination for its contents.

60. Deny each and every allegation contained in paragraph 60 of the Complaint, and refer to the employment contract between Plaintiff and the Hospital for its contents.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Complaint.

63. Deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint, except admit that the Hospital prepared a summative evaluation regarding Plaintiff and refer to that summative evaluation for its contents.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and refer to the New York Civil Rights Law for its contents.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and refer to the NYCHRL for its contents.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, except admit that Plaintiff was issued a Notice of Right to Sue dated September 20, 2012.

68. With regard to paragraph 68 of the Complaint, repeat and reallege their responses to paragraphs 1 through 67 of the Complaint, as if each were fully set forth herein.

69. Deny each and every allegation contained in paragraph 69 of the Complaint, except admit that Plaintiff is a female.

70. Deny each and every allegation contained in paragraph 70 of the Complaint.

71. Deny each and every allegation contained in paragraph 71 of the Complaint.

72. Deny each and every allegation contained in paragraph 72 of the Complaint.

73. With regard to paragraph 73 of the Complaint, repeat and reallege their responses to paragraphs 1 through 72 of the Complaint, as if each were fully set forth herein.

74. Deny each and every allegation contained in paragraph 74 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's race and national origin.

75. Deny each and every allegation contained in paragraph 75 of the Complaint.

76. Deny each and every allegation contained in paragraph 76 of the Complaint.

77. Deny each and every allegation contained in paragraph 77 of the Complaint.

78. With regard to paragraph 78 of the Complaint, repeat and reallege their responses to paragraphs 1 through 77 of the Complaint, as if each were fully set forth herein.

79. Deny each and every allegation contained in paragraph 79 of the Complaint and further deny that Plaintiff was subject to any harassing conduct.

80. Deny each and every allegation contained in paragraph 80 of the Complaint and further deny that Plaintiff was subject to any harassing acts or statements.

81. Deny each and every allegation contained in paragraph 81 of the Complaint and further deny that Plaintiff was subject to any sexually harassing actions and statements.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

83. Deny each and every allegation contained in paragraph 83 of the Complaint.

84. Deny each and every allegation contained in paragraph 84 of the Complaint.

85. With regard to paragraph 85 of the Complaint, repeat and reallege their responses to paragraphs 1 through 84 of the Complaint, as if each were fully set forth herein.

86. Deny each and every allegation contained in paragraph 86 of the Complaint.

87. Deny each and every allegation contained in paragraph 87 of the Complaint.

88. Deny each and every allegation contained in paragraph 88 of the Complaint.

89. Deny each and every allegation contained in paragraph 89 of the Complaint.

90. Deny each and every allegation contained in paragraph 90 of the Complaint.

91. Deny each and every allegation contained in paragraph 91 of the Complaint.

92. With regard to paragraph 92 of the Complaint, repeat and reallege their responses to paragraphs 1 through 91 of the Complaint, as if each were fully set forth herein.

93. Deny each and every allegation contained in paragraph 93 of the Complaint, except admit that Plaintiff is a female.

94. Deny each and every allegation contained in paragraph 94 of the Complaint.

95. Deny each and every allegation contained in paragraph 95 of the Complaint.

96. Deny each and every allegation contained in paragraph 96 of the Complaint.

97. With regard to paragraph 97 of the Complaint, repeat and reallege their responses to paragraphs 1 through 96 of the Complaint, as if each were fully set forth herein.

98. Deny each and every allegation contained in paragraph 98 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's race and national origin.

99. Deny each and every allegation contained in paragraph 99 of the Complaint.

100. Deny each and every allegation contained in paragraph 100 of the Complaint.

101. Deny each and every allegation contained in paragraph 101 of the Complaint.

102. With regard to paragraph 102 of the Complaint, repeat and reallege their responses to paragraphs 1 through 101 of the Complaint, as if each were fully set forth herein.

103. Deny each and every allegation contained in paragraph 103 of the Complaint and further deny that Plaintiff was subjected to any harassing conduct.

104. Deny each and every allegation contained in paragraph 104 of the Complaint and further deny that Plaintiff was subjected to any harassing actions and statements.

105. Deny each and every allegation contained in paragraph 105 of the Complaint and further deny that Plaintiff was subjected to any sexually harassing actions and statements.

106. Deny each and every allegation contained in paragraph 106 of the Complaint.

107. Deny each and every allegation contained in paragraph 107 of the Complaint.

108. Deny each and every allegation contained in paragraph 108 of the Complaint.

109.	With regard to paragraph 109 of the Complaint, repeat and reallege their responses to paragraphs 1 through 108 of the Complaint, as if each were fully set forth herein.

110.	Deny each and every allegation contained in paragraph 110 of the Complaint.

111.	Deny each and every allegation contained in paragraph 111 of the Complaint.

112.	Deny each and every allegation contained in paragraph 112 of the Complaint.

113.	Deny each and every allegation contained in paragraph 113 of the Complaint.

114.	Deny each and every allegation contained in paragraph 114 of the Complaint.

115.	Deny each and every allegation contained in paragraph 115 of the Complaint.

116.	With regard to paragraph 116 of the Complaint, repeat and reallege their responses to paragraphs 1 through 115 of the Complaint, as if each were fully set forth herein.

117.	Deny each and every allegation contained in paragraph 117 of the Complaint, except admit that Plaintiff is a female.

118.	Deny each and every allegation contained in paragraph 118 of the Complaint.

119.	Deny each and every allegation contained in paragraph 119 of the Complaint.

120.	Deny each and every allegation contained in paragraph 120 of the Complaint.

121.	With regard to paragraph 121 of the Complaint, repeat and reallege their responses to paragraphs 1 through 120 of the Complaint, as if each were fully set forth herein.

122.	Deny each and every allegation contained in paragraph 122 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's race and national origin.

123.	Deny each and every allegation contained in paragraph 123 of the Complaint.

124.	Deny each and every allegation contained in paragraph 124 of the Complaint.

125.	Deny each and every allegation contained in paragraph 125 of the Complaint.

126. With regard to paragraph 126 of the Complaint, repeat and reallege their responses to paragraphs 1 through 125 of the Complaint, as if each were fully set forth herein.

127. Deny each and every allegation contained in paragraph 127 of the Complaint.

128. Deny each and every allegation contained in paragraph 128 of the Complaint.

129. Deny each and every allegation contained in paragraph 129 of the Complaint.

130. With regard to paragraph 130 of the Complaint, repeat and reallege their responses to paragraphs 1 through 129 of the Complaint, as if each were fully set forth herein.

131. Deny each and every allegation contained in paragraph 131 of the Complaint.

132. Deny each and every allegation contained in paragraph 132 of the Complaint.

133. Deny each and every allegation contained in paragraph 133 of the Complaint.

134. Deny each and every allegation contained in paragraph 134 of the Complaint.

135. Deny each and every allegation contained in paragraph 135 of the Complaint.

136. Deny each and every allegation contained in paragraph 136 of the Complaint.

137. With regard to paragraph 137 of the Complaint, repeat and reallege their responses to paragraphs 1 through 136 of the Complaint, as if each were fully set forth herein.

138. Deny each and every allegation contained in paragraph 138 of the Complaint.

139. Deny each and every allegation contained in paragraph 139 of the Complaint.

140. Deny each and every allegation contained in paragraph 140 of the Complaint.

141. With regard to paragraph 141 of the Complaint, repeat and reallege their responses to paragraphs 1 through 140 of the Complaint, as if each were fully set forth herein.

142. Deny each and every allegation contained in paragraph 142 of the Complaint.

143. Deny each and every allegation contained in paragraph 143 of the Complaint, except admit that Dr. Adolfo Firpo-Betancourt completed a summative evaluation for Plaintiff, dated March 8, 2012, and refer to the summative evaluation for its contents.

144. Deny each and every allegation contained in paragraph 144 of the Complaint.

145. Deny each and every allegation contained in paragraph 145 of the Complaint.

146. With regard to paragraph 146 of the Complaint, repeat and reallege their responses to paragraphs 1 through 145 of the Complaint, as if each were fully set forth herein.

147. Deny each and every allegation contained in paragraph 147 of the Complaint.

148. Deny each and every allegation contained in paragraph 148 of the Complaint.

149. With regard to paragraph 149 of the Complaint, repeat and reallege their responses to paragraphs 1 through 148 of the Complaint, as if each were fully set forth herein.

150. Deny each and every allegation contained in paragraph 150 of the Complaint and refer to New York law regarding the existence of a covenant of good faith and fair dealing.

151. Deny each and every allegation contained in paragraph 151 of the Complaint.

152. Deny each and every allegation contained in paragraph 152 of the Complaint.

153. With regard to paragraph 153 of the Complaint, repeat and reallege their responses to paragraphs 1 through 152 of the Complaint, as if each were fully set forth herein.

154. Deny each and every allegation contained in paragraph 154 of the Complaint.

155. Deny each and every allegation contained in paragraph 155 of the Complaint.

156. Deny each and every allegation contained in paragraph 156 of the Complaint.

157. Deny each and every allegation contained in paragraph 157 of the Complaint.

158. Deny each and every allegation contained in paragraph 158 of the Complaint.

159. With regard to paragraph 159 of the Complaint, repeat and reallege their responses to paragraphs 1 through 158 of the Complaint, as if each were fully set forth herein.

160. Deny each and every allegation contained in paragraph 160 of the Complaint, except admit that Plaintiff is a female and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's race.

161. Deny each and every allegation contained in paragraph 161 of the Complaint.

162. Deny each and every allegation contained in paragraph 162 of the Complaint.

163. Deny each and every allegation contained in paragraph 163 of the Complaint.

164. Deny each and every allegation contained in paragraph 164 of the Complaint.

165. With regard to paragraph 165 of the Complaint, repeat and reallege their responses to paragraphs 1 through 164 of the Complaint, as if each were fully set forth herein.

166. Deny each and every allegation contained in paragraph 166 of the Complaint.

167. Deny each and every allegation contained in paragraph 167 of the Complaint.

168. Deny each and every allegation contained in paragraph 168 of the Complaint.

169. Deny each and every allegation contained in paragraph 169 of the Complaint.

170. With regard to paragraph 170 of the Complaint, repeat and reallege their responses to paragraphs 1 through 169 of the Complaint, as if each were fully set forth herein.

171. Deny each and every allegation contained in paragraph 171 of the Complaint.

172. Deny each and every allegation contained in paragraph 172 of the Complaint.

173. With regard to paragraph 173 of the Complaint, repeat and reallege their responses to paragraphs 1 through 172 of the Complaint, as if each were fully set forth herein.

174. Deny each and every allegation contained in paragraph 174 of the Complaint.

175. Deny each and every allegation contained in paragraph 175 of the Complaint.

176. Deny each and every allegation contained in paragraph 176 of the Complaint.

177. Deny that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint or has the right to amend the Complaint except in compliance with the applicable Federal Rules of Civil Procedure.

178.  Admit that Plaintiff demands a trial by jury of this action, except deny that Plaintiff is entitled to a jury trial on any claim for equitable remedies, including but not limited to back pay or front pay.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

179.  The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

180.  Plaintiff's claims are barred, in whole or in part, for failure to exhaust her administrative remedies because Plaintiff did not file a Complaint with the Public Health Council.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

181.  Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendants knew or should have known of any alleged discriminatory or harassing treatment of the Plaintiff or that Defendants acquiesced in any alleged such treatment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

182.  Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and to correct promptly any discriminatory or harassing behavior by having anti-discrimination, anti-harassment, and anti-retaliation policies with a complaint procedure.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

183.  Plaintiff's claims are barred, in whole or in part, because Defendants have policies prohibiting discrimination and harassment, and procedures for investigating and preventing discrimination and harassment, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and harassment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

184. Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination were established, and complied with, by Defendants and there is a record of no prior incidents of discriminatory or harassing conduct by any employee, agent, or independent contractor of Defendants who is alleged by Plaintiff to have discriminated against or harassed her.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

185. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

186. Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

187. Plaintiff's claim for defamation is barred, in whole or in part, because any statements made concerning Plaintiff were made in good faith and without malice, were reasonable and relevant assertions made to appropriate persons, and were privileged.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

188. Plaintiff's claim for defamation is barred, in whole or in part, because any statements made concerning Plaintiff were statements of opinion under state law and/or were true and/or were justified.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

189. Plaintiff's claim for defamation is barred, in whole or in part, because Plaintiff failed to plead her claims with the requisite particularity regarding what statement was made about Plaintiff, by whom, to whom and the time, place and manner of publication.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

190. Plaintiff's claim for defamation is barred, in whole or in part, because Plaintiff failed to plead special damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

191. Plaintiff's claim for defamation is barred, in whole or in part, by a qualified privilege.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

192. Plaintiff's claim for defamation is barred, in whole or in part, by Plaintiff's voluntary disclosure of the allegedly defamatory statements.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

193. Plaintiff's claim for defamation is barred, in whole or in part, because Plaintiff invited, procured and/or consented to the allegedly defamatory statements.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Date: New York, New York
April 30, 2013

EDWARDS WILDMAN PALMER LLP

By: _____
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

To:    Ronald Wronko, Esq.
       Law Offices of Ronald J. Wronko, LLC
       Attorneys for Plaintiff
       134 Columbia Turnpike
       Florham Park, New Jersey 07932
       973.360.1001
       ron@ronwronkolaw.com

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEENA VARUGHESE, M.D.,

        Plaintiff,

- against -

MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D. and ABC Corp. 1-10, and JOHN DOES 1-10,

        Defendants.

12 Civ. 8812 (CM)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK  )

Julie L. Sauer, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 30th day of April 2013, she caused a true and correct copy of the foregoing ANSWER TO THE AMENDED COMPLAINT to be served upon:

        Ronald J. Wronko, Esq.
        Law Offices of Ronald J. Wronko, LLC
        Attorneys for Plaintiff
        134 Columbia Turnpike
        Florham Park, New Jersey 07932
        973.360.1001

by depositing a true copy of said documents enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail.

                                                                                Julie L. Sauer

Sworn to before me this
30th day of April 2013

_____
Notary Public
JEAN W. McLOUGHLIN
Notary Public, State of New York
No. 01MC6184463
Qualified in Queens County
Commission Expires April 7, 20__16