# EDWARDS WILDMAN

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com



Rory J. McEvoy
Partner
+1 212 912 2787
fax +1 212 308 4844
rmcevoy@edwardswildman.com

May 14, 2013

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/13

**VIA FACSIMILE**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
Room 1350
New York, New York 10007

Re:   Varughese v. Mount Sinai Medical Center, et al.
      Case No.: 12 Civ. 8812 (CM)

Dear Judge McMahon:

On behalf of our clients, The Mount Sinai Hospital (named herein as "Mount Sinai Medical Center"), Patrick Lento, M.D., Carlos Cordon-Cardo, M.D., Adolfo Firpo, M.D., and Ira J. Bleiweiss, M.D. (collectively "Defendants"), I write to request that the Court refer this case to Magistrate Judge Francis to resolve a discovery dispute regarding Plaintiff's deposition. As the Court may recall, at the initial pretrial conference, the Court observed that Plaintiff had filed a "kitchen sink" Complaint that contained 175 paragraphs and asserted 21 causes of action. During the conference, the Court also told Plaintiff's counsel, Ronald J. Wronko, that there appeared to be no factual basis for at least some of those claims. For example, after Mr. Wronko stated that the basis for Plaintiff's national origin discrimination claims was based on two alleged comments by one of the individual Defendants, the Court said that summary judgment would be granted on that claim because two stray comments are insufficient to state a national origin claim. Mr. Wronko sought to avoid responsibility for asserting this (and other) claims by stating that these causes of action were included in the Complaint because Plaintiff insisted on their inclusion. At that point, the Court stated that Mr. Wronko appeared to have abdicated his Rule 11 obligations to his client.

The day after the conference, I called Mr. Wronko and left him a voicemail message asking that he consider voluntarily dismissing a number of Plaintiff's claims. Mr. Wronko did not return my call. In a later telephone conversation, I again asked him to agree to withdraw certain claims. Mr. Wronko said he would consider it, but never got back to me. Instead, on April 17, 2013, Mr. Wronko filed an Amended Complaint which added another cause of action and continued to allege all of the previous factual allegations, plus several additional ones regarding Plaintiff's defamation claim.

BOSTON • CHICAGO • FT LAUDERDALE • HARTFORD • HONG KONG • LONDON • LOS ANGELES • MADISON NJ
NEW YORK • ORANGE COUNTY • PROVIDENCE • STAMFORD • TOKYO • WASHINGTON DC • WEST PALM BEACH

# EDWARDS WILDMAN

Honorable Colleen McMahon
May 14, 2013
Page 2

Against this backdrop, I both e-mailed and spoke to Mr. Wronko regarding the anticipated length of Plaintiff's deposition. I told Mr. Wronko that, even assuming that Plaintiff cooperated during her deposition, given the scope of her Amended Complaint, it would not be possible to complete her deposition in seven hours. Accordingly, I asked Mr. Wronko to agree to produce his client for additional days of deposition; the exact number to be determined based on how much was accomplished on the first day. Mr. Wronko agreed that Plaintiff's deposition could not be completed in one day but would not agree to produce his client for more than a day until he spoke to her.

Having not heard from Mr. Wronko, on May 3, 2013, I e-mailed him and again asked whether he would agree to produce his client for more than one day of deposition. On May 10, 2013, I received a letter from Mr. Wronko which said, in relevant part, that after conferring with his client, "[s]he is unwilling to consent to extend the time period of deposition beyond the federal rule limit." As a result of Mr. Wronko's continued pattern of allowing his client to conduct this litigation, I respectfully request that the Court refer the matter to Magistrate Judge Francis to resolve this dispute.

Respectfully submitted,

Rory J. McEvoy

cc: Ronald J. Wronko, Esq. (by facsimile)

5/15/13

In light of the fact-intensive nature of this case, exceeding the seven-hour limit for the plaintiff's deposition is well-warranted, and the plaintiff's concerns about harassment at the deposition are premature and unsupported. The deposition shall proceed, and counsel may return for a further ruling if and when they disagree about continuing with it.

SO ORDERED.

James C. Francis IV
USMJ