

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy
Partner
+1 212 912 2787
fax +1 212 308 4844
rmcevoy@edwardswildman.com

November 21, 2013

**VIA ECF**

The Honorable James C. Francis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Varughese v. Mount Sinai Medical Center, et al.
             Docket No.: 12 Civ. 8812 (CM) (JCF)

Dear Judge Francis:

On behalf of our clients, Mount Sinai Medical Center ("Mount Sinai") and the Individual Defendants (collectively "Defendants"), I write in response to counsel for Plaintiff's letter, dated November 14, 2013, in which Mr. Wronko requests (i) a forty-five day extension of the discovery cutoff, and (ii) a discovery conference. Defendants do not object to an extension of the discovery cutoff for the sole purpose of completing outstanding discovery. With regard to the request for a discovery conference, Defendants also do not object but, as discussed below, the discovery issues raised by Plaintiff in Mr. Wronko's letter are for the most part meritless.

**The Extension of the Discovery Cutoff**

On November 11, 2013, I received an e-mail from Mr. Wronko that stated, in relevant part, "Please further advise whether you will consent to a forty-five (45) day extension of discovery so that there is sufficient time to complete all outstanding discovery" (A copy of this e-mail is Exhibit 1 hereto). As any lawyer knows, a request to extend the discovery cutoff for the purpose of completing "outstanding" discovery means that the parties need additional time to finish depositions or written discovery that was already noticed or requested, including the resolution of any disputes, but not completed by the cutoff date.

In order to see whether Mr. Wronko meant what he said, I sent him an e-mail later that day stating, in relevant part, "I will agree to request a forty-five day extension of the discovery cutoff if, as you say, in your e-mail, it is solely for the purpose of completing outstanding discovery. That means that plaintiff agrees to serve no more deposition notices, no more subpoenas for witnesses to appear at deposition or for the production of documents, no more documents requests, interrogatories, requests to admit or any other form of written discovery and no more e-



The Honorable James C. Francis
November 21, 2013
Page 2

discovery. In sum, the sole purpose of the extension will be to complete the outstanding discovery to date. Let me know if this acceptable to you." Not surprisingly, in response to my e-mail, Mr. Wronko replied, "The conditions that you proposed for your consent are extreme and outlandish. I do not know what will come out of the various depositions that are scheduled and that need to be scheduled to agree to such extreme conditions." (Copies of these e-mails are Exhibit 2 hereto).

Discovery in this single plaintiff employment discrimination case is nearly a year old. Plaintiff has (i) noticed or subpoenaed twenty-two witnesses for deposition (some of whom Defendants' oppose), (ii) served 96 documents requests; (iii) 25 interrogatories; and (iv) 70 requests to admit. Defendants have produced approximately 20,000 documents in e-discovery and another nearly 3,000 documents in hard copy. Neither in his e-mail to me nor in his letter to the Court does Mr. Wronko identify any tangible discovery that Plaintiff wants to pursue.

Plaintiff's request for an unlimited extension of the discovery cutoff should be denied for three reasons. First, Plaintiff cannot seriously claim that there might be any more individuals whom she wants to depose. The volume of discovery to date negates that possibility. In addition, an attempt by Plaintiff to depose even more individuals would be further evidence of her abuse of the discovery process. Second, and put simply, there comes a time in litigation when discovery must end and the summary judgment phase must begin. The discovery period in this case has gone on far longer than in most single plaintiff employment cases and there is no reason to extend it further. Third, the only possible conclusion that one can draw from Plaintiff's request for an unlimited extension of the discovery cutoff is that it is intended to continue to harass the Defendants and to abuse the discovery process.

As discussed below, any delay in e-discovery is attributable solely to Plaintiff's unwillingness to limit her requests to a reasonable and manageable number. In addition, in her most recent discovery demands, Plaintiff requested discovery related to moonlighters and autopsies, even though the Court ruled at the July 11, 2013 conference that these topics were outside the scope of permissible discovery. Plaintiff also seeks documents and other discovery outside the time periods established by the Court at the conference.[1] Illustrative of the need for the Court to prevent Plaintiff from continuing this course of conduct is her attempt to question Mr. Johnson, at his deposition on November 19, 2013, about his parents' political affiliation. When I objected to this line of questioning as improper, Mr. Wronko decided to call the Court for a ruling. The Court sustained my objection stating that this line of inquiry was "wildly irrelevant."

In sum, Defendants will agree to a forty-five day extension of the discovery cut-off for the sole purpose of completing outstanding discovery.

---

[1] Defendants objected to these requests in their responses and will address the matter more fully in the event that Plaintiff pursues these demands.



The Honorable James C. Francis
November 21, 2013
Page 3

**The Request for a Discovery Conference**

While Defendants have no objection to a discovery conference, and indeed welcome one, the Court should be fully apprised of the issues raised by Mr. Wronko is his letter before deciding how to proceed.

**Electronic Discovery**

Put simply, Plaintiff doth protest too much. In truth, any problems in e-discovery are attributable solely to Plaintiff's conduct. A brief history of e-discovery in this case will suffice to prove the point. At the outset, Plaintiff sought e-discovery from more than fifty custodians and propounded search terms that made compliance impossible. Nevertheless, Plaintiff refused to reduce the number of custodians or modify her search terms. At the July 11, 2013 conference, the Court directed counsel to meet and agree on a reduced number of custodians. Thereafter, Plaintiff agreed to limit the number of custodians to sixteen, but still declined to modify her search terms. The resulting hit report identified approximately 25,000 documents from this combination of custodians and search terms. My partner, Edwin Larkin, and I spoke to Mr. Wronko in an attempt to get Plaintiff to modify her search terms to reduce this large number of documents. During that call, Mr. Wronko stated that he did not want to review 25,000 documents but that he would have to consult with Plaintiff. Soon thereafter, and not surprisingly, Mr. Wronko informed me that Plaintiff wanted all 25,000 documents produced.

While reviewing this voluminous number of documents for production, approximately 5,000 documents, including the 323 potentially privileged ones, were identified as needing further review. At roughly this point in time, Defendants concluded that it was unfair for them to continue to bear all of the cost of continuing to attempt to comply with Plaintiff's unreasonable demands. Mr. Larkin spoke to Mr. Wronko and informed him that Defendants planned to make a motion to have Plaintiff bear some of the cost of reviewing the remaining 5,000 documents. Confronted with the prospect of having to pay to obtain compliance with her unreasonable demands, Plaintiff's quickly backtracked and agreed to modify the search terms to be applied to these 5,000 documents. As a result of this modification, the number of documents was reduced to approximately 200 and the number of potentially privileged documents was reduced to less than 100. The delays in the completion of e-discovery are the responsibility of Plaintiff. In any event, all responsive documents and a privilege log will be produced tomorrow. It is Defendants' position that once that production takes place, e-discovery will be complete.



The Honorable James C. Francis
November 21, 2013
Page 4

### Dr. Yao's Academic Advisement

The short answer to Plaintiff's assertion that Dr. Yao's ("Yao") Academic Advisement should have been produced in discovery is that (i) the Court ruled at the July 11, 2013 conference that Defendants need only provide discovery through September 2011 (the month that Plaintiff was terminated from the Residency Program; (ii) in their discovery responses, Defendants truthfully stated that no other Pathology resident was placed on Academic Advisement between 2008 and 2011; and (iii) Yao was placed on Academic Advisement on January 25, 2012.

Plaintiff's complaint seems to be that Yao's Academic Advisement was not produced based on her mistaken belief that he was placed on Academic Advisement in 2011. After the July 11 conference, Plaintiff has never asserted (and does not in Mr. Wronko's letter) that she is entitled to discovery about Pathology residents who were placed on Academic Advisement or who were disciplined in 2012. Accordingly, because Yao was placed on Academic Advisement outside the relevant time, and because Plaintiff makes no objection (nor could she to that time period), Defendants are under no obligation to produce it. Nevertheless, and without conceding its relevancy to any of Plaintiff's claims, Defendants will produce Yao's Academic Advisement.

### Documents Regarding Attendance at Mandatory Morning Conference

At the July 11 conference, the issue of discovery concerning attendance at mandatory conference was fully presented to the Court. After hearing both sides, the Court ordered Defendants to produce "(i) all attendance records for mandatory morning conferences; (ii) all documents relating to the failure of any resident to meet the requirement of attending 80% of the mandatory conferences; and (iii) all documents relating to any resident who cancelled a presentation that was required as a consequence of failing to meet the 80% requirement." *See* July 11 Order. Defendants fully complied with this order for the time period directed by the Court – August 2011 (the month that the attendance policy went into effect) and September 21, 2011 (the date of Plaintiff's termination).[2] In violation of that Order, Plaintiff seeks the production of documents regarding residents who may have failed to meet the 80% requirement after her termination.

Plaintiff concedes that she seeks discovery not permitted by the Court's July 11 Order because Mr. Wronko states in his letter that Plaintiff now seeks discovery "on the enforcement of this policy as to plaintiff's colleagues for the remainder of the class year, rather than just up to the date of plaintiff's termination, is essential for the comparative analysis." Plaintiff made this argument to the Court at the July 11 conference and the Court declined to permit discovery after the date of Plaintiff's termination.

---

[2] Although this time period is not contained in the Order, the detailed notes of the conference taken by my colleague, Julie Sauer, Esq., confirm that this is the period of time established by the Court.



The Honorable James C. Francis
November 21, 2013
Page 5

To the extent that Plaintiff now seeks to have the Court reconsider its ruling that request should be denied because there is simply no explanation for Plaintiff's failure to make that request at any time in the four months since the conference. This is just one more attempt by Plaintiff to prolong discovery by claiming late in the game that she needs yet more discovery.

### The Summative Evaluations of Drs. Hechtman and Chepovetsky

Defendants object to producing the summative evaluations of Drs. Hechtman and Dr. Chepovetsky on the grounds that the request seeks documents that are irrelevant to Plaintiff's claims. Subject to this objection, Defendants will produce these summative evaluations.

### The ACGME Citations

Defendants object to producing the ACGME citations on the grounds that the request seeks documents that are irrelevant to Plaintiff's claims. Subject to this objection, Defendants will produce a copy of the ACGME citations issued to the Pathology Department by the ACGME on May 24, 2011.

### The Alleged Missing Documents

Defendants have searched for and are continuing to look for the documents mentioned in this section of Mr. Wronko's letter. Needless to say, Defendants cannot be compelled to produce documents that cannot be located.

With regard to this group of documents, Mr. Wronko incorrectly states that "Defendants were previously ordered to produce the list of residents created for purposes of providing coverage under the new attendance policy in July/August 2011. To date, this has not been produced." Mr. Wronko seems to have forgotten that, in a letter to me dated October 29, 2013, he made the same claim regarding the coverage list. In my letter to Mr. Wronko, dated November 6, 2013, I pointed out that "on August 1, 2013, Defendants produced the Policy for Absence/Service Coverage which sets forth the list utilized by the Chief Residents for resident coverage. See Bates No. D02540." (Copies of these letters are Exhibit 3 hereto).

Respectfully submitted,

Rory J. McEvoy

cc:   Ronald J. Wronko, Esq. (via ECF and facsimile)
      Attorney for Plaintiff

# Exhibit 1

# McEvoy, Rory

**From:** ronald j. wronko <ron@ronwronkolaw.com>
**Sent:** Monday, November 11, 2013 12:18 PM
**To:** McEvoy, Rory
**Subject:** Re: Tiger Paillex

I have discussed this with plaintiff. We would like to proceed with Tiger Paillex for the full day on Wednesday if she is available from 10 to 5 p.m. and reschedule Bleiweiss. Please advise whether this can be done.

Please further advise whether you will consent to a forty-five (45) day extension of discovery so that there is sufficient time to complete all outstanding discovery.

Ronald J. Wronko, Esq.
Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932
(973) 360-1001
(973) 360-1881 (facsimile)
ron@ronwronkolaw.com


**From:** "McEvoy, Rory" <RMcEvoy@edwardswildman.com>
**To:** 'ronald j. wronko' <ron@ronwronkolaw.com>
**Sent:** Monday, November 11, 2013 11:34 AM
**Subject:** RE: Tiger Paillex

Are you prepared to agree to the terms that I set forth in my e-mail? If you are, please confirm by e-mail and she will be produced.

**From:** ronald j. wronko [mailto:ron@ronwronkolaw.com]
**Sent:** Monday, November 11, 2013 11:33 AM
**To:** McEvoy, Rory
**Subject:** Tiger Paillex

Rory,

Any word on whether Tiger Paillex will be produced on Wednesday at noon?

Ronald J. Wronko, Esq.
Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932
(973) 360-1001
(973) 360-1881 (facsimile)
ron@ronwronkolaw.com

1

Edwards Wildman Palmer LLP has offices in Boston, Chicago, Hartford, Hong Kong, Istanbul, London, Los Angeles, Miami, Morristown NJ, New York, Orange County, Providence, Stamford, Tokyo, Washington DC and West Palm Beach. For more information visit edwardswildman.com.

CONFIDENTIALITY NOTICE
This e-mail message from Edwards Wildman Palmer LLP, Edwards Wildman Palmer UK LLP, Edwards Wildman Palmer, a Hong Kong firm of solicitors, and Edwards Wildman Danismanlik Hizmetleri Avukatlik Ortakligi, a registered foreign attorney partnership, is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We take steps to protect against viruses but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor emails sent to and from our server(s) to ensure regulatory compliance to protect our clients and business. Edwards Wildman Palmer UK LLP is a limited liability partnership registered in England (registered number OC333092) and is authorised and regulated by the Solicitors Regulation Authority (SRA) and operates an SRA standard complaints procedure (see here). A list of members' names and their professional qualifications may be inspected at our registered office, Dashwood, 69 Old Broad Street, London EC2M 1QS, UK, telephone +44 207 583 4055.

Disclosure Under U.S. IRS Circular 230: Edwards Wildman Palmer LLP informs you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 2

Case 1:12-cv-08812-CM-JCF   Document 75   Filed 11/21/13   Page 9 of 17

# McEvoy, Rory

**From:** ronald j. wronko <ron@ronwronkolaw.com>
**Sent:** Monday, November 11, 2013 5:05 PM
**To:** McEvoy, Rory
**Subject:** Re: Tiger Paillex

I will be proceeding with Dr. Bleiweiss on Wednesday.

The conditions that you have proposed for your consent are extreme and outlandish. I do not know what will come out of various depositions that are scheduled and that need to be scheduled to agree to such extreme conditions. Unless I hear otherwise, I will assume you are opposing a discovery extension, even though we clearly need more time even to finish those people you have agreed to produce. I will request the extension over your objection.


Ronald J. Wronko, Esq.
Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932
(973) 360-1001
(973) 360-1881 (facsimile)
ron@ronwronkolaw.com


**From:** "McEvoy, Rory" <RMcEvoy@edwardswildman.com>
**To:** 'ronald j. wronko' <ron@ronwronkolaw.com>
**Sent:** Monday, November 11, 2013 4:55 PM
**Subject:** RE: Tiger Paillex


Ms. Tiger-Paillex is not available for a full day on Wednesday and her deposition will need to be rescheduled. As I believe you know, most of the witnesses that are scheduled to be deposed are very busy individuals who cannot rearrange their schedules at the last minute. In that regard, let me know by tomorrow morning whether you intend to proceed with Dr. Bleiweiss on Wednesday.

I will agree to request a forty-five day extension of the discovery cutoff if, as you say in your email, it is solely for the purpose of completing outstanding discovery. That means that plaintiff agrees to serve no more deposition notices, no more subpoenas for witnesses to appear at deposition or for the production of documents, no more document requests, interrogatories, requests to admit or any other form of written discovery and no more ediscovery. In sum, the sole purpose of the extension will be to complete the outstanding discovery to date. Let me know if this is acceptable to you.


Sent with Good (www.good.com)


-----Original Message-----
**From:** ronald j. wronko [ron@ronwronkolaw.com]

1

**Sent:** Monday, November 11, 2013 12:18 PM Eastern Standard Time
**To:** McEvoy, Rory
**Subject:** Re: Tiger Paillex

I have discussed this with plaintiff. We would like to proceed with Tiger Paillex for the full day on Wednesday if she is available from 10 to 5 p.m. and reschedule Bleiweiss. Please advise whether this can be done.

Please further advise whether you will consent to a forty-five (45) day extension of discovery so that there is sufficient time to complete all outstanding discovery.

Ronald J. Wronko, Esq.
Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932
(973) 360-1001
(973) 360-1881 (facsimile)
ron@ronwronkolaw.com


**From:** "McEvoy, Rory" <RMcEvoy@edwardswildman.com>
**To:** 'ronald j. wronko' <ron@ronwronkolaw.com>
**Sent:** Monday, November 11, 2013 11:34 AM
**Subject:** RE: Tiger Paillex

Are you prepared to agree to the terms that I set forth in my e-mail? If you are, please confirm by e-mail and she will be produced.

**From:** ronald j. wronko [mailto:ron@ronwronkolaw.com]
**Sent:** Monday, November 11, 2013 11:33 AM
**To:** McEvoy, Rory
**Subject:** Tiger Paillex

Rory,

Any word on whether Tiger Paillex will be produced on Wednesday at noon?


Ronald J. Wronko, Esq.
Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932
(973) 360-1001
(973) 360-1881 (facsimile)
ron@ronwronkolaw.com

Edwards Wildman Palmer LLP has offices in Boston, Chicago, Hartford, Hong Kong, Istanbul, London, Los Angeles, Miami, Morristown NJ, New York, Orange County, Providence, Stamford, Tokyo, Washington DC and West Palm Beach. For more information visit edwardswildman.com.
CONFIDENTIALITY NOTICE
This e-mail message from Edwards Wildman Palmer LLP, Edwards Wildman Palmer UK LLP, Edwards Wildman Palmer, a Hong Kong firm of solicitors, and Edwards Wildman Danismanlik Hizmetleri Avukatlik Ortakligi, a registered foreign attorney partnership, is intended only for the individual or entity to which it is addressed. This e-mail may contain

information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We take steps to protect against viruses but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor emails sent to and from our server(s) to ensure regulatory compliance to protect our clients and business. Edwards Wildman Palmer UK LLP is a limited liability partnership registered in England (registered number OC333092) and is authorised and regulated by the Solicitors Regulation Authority (SRA) and operates an SRA standard complaints procedure (see here). A list of members' names and their professional qualifications may be inspected at our registered office, Dashwood, 69 Old Broad Street, London EC2M 1QS, UK, telephone +44 207 583 4055.

Disclosure Under U.S. IRS Circular 230: Edwards Wildman Palmer LLP informs you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 3

**LAW OFFICES OF**
**RONALD J. WRONKO, LLC**
*134 COLUMBIA TURNPIKE*
*FLORHAM PARK, NJ 07932*
(973) 360-1001
FAX (973) 360-1881

Ronald J. Wronko •O

315 Madison Avenue,
Suite 901
New York, New York
10165
(212) 686-9057
(212) 957-1912

Member of New Jersey Bar •
Member of New York Bar O

**Reply to New Jersey**

ron@ronwronkolaw.com
www.ronwronkolaw.com

October 29, 2013

**VIA FACSIMILE**
**AND REGULAR MAIL**

Rory J. McEvoy, Esq.
Edwards Wildman Palmer, LLP,
750 Lexington Avenue
New York, New York 10022

      Re:    Leena Varughese, M.D. v. Mount Sinai Medical Center, et al.
             Civil Action No. 12 Civ. 8812 (CM)

Dear Mr. McEvoy:

      I write to meet and confer with regard to documents that defendants have produced pursuant to Order of Judge Francis. Defendants were required to produce attendance sheets at mandatory morning conferences as well as to produce the attendance list for resident coverage.

      To date, the list for resident coverage that the Chief Residents utilized for coverage has not been produced. Please advise whether it exists and whether it will be produced.

      Defendants have produced Conference Attendance sheets up through the date of plaintiff's termination as well as some documents regarding implementation of the disciplinary policy for conference attendance. The document production terminates at bates reference D2516. Plaintiff contends that this is too short a time period for the production. Plaintiff should be permitted to see attendance for the PGY4 class for the remainder of the class year as well as any other disciplinary events relating thereto, including any make-up conferences that were attended. Without seeing the full attendance record, plaintiff cannot have a clear picture as to whether there was consistent enforcement of this new policy.

Rory J. McEvoy, Esq.
October 29, 2013

Please advise whether defendants will voluntarily supplement their production or whether the issue will need to be submitted to Judge Francis for resolution.

Very truly yours,

Ronald J. Wronko



EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy

Partner
+1 212 912 2787
fax +1 212 308 4844
rmcevoy@edwardswildman.com

November 6, 2013

**VIA EMAIL**

Ronald J. Wronko, Esq.
Law Offices of Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932

      Re:    <u>Varughese v. Mount Sinai Medical Center, et al.</u>

Dear Mr. Wronko:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai") and the individual defendants (collectively "Defendants"), I write in response to your letter, dated October 29, 2013, regarding documents produced by Defendants in accordance with the Court's Order, dated July 11, 2013 (the "July 11 Order").

As required by the July 11 Order, on August 1, 2013, Defendants produced the Policy for Absence/Service Coverage, which sets forth the list utilized by the Chief Residents for resident coverage. See Bates No. D02540. Defendants also produced all documents the Court ordered be produced in paragraph 2(b) of the July 11 Order. See Bates Nos. D02464 to D02525. Plaintiff's new request for conference attendance sheets and other documents for a time period beyond the date of Plaintiff's termination is improper because it is outside the scope of the July 11 Order and Magistrate Judge Francis already addressed this issue at the conference and ruled that the appropriate time period for these documents was the date the mandatory conference policy went into effect, August 1, 2011, through the date of Plaintiff's termination, September 21, 2011.

Very truly yours,

Rory J. McEvoy

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEENA VARUGHESE, M.D.,

    Plaintiff,

- against -

MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D. and ABC Corp. 1-10, and JOHN DOES 1-10,

    Defendants.

12 Civ. 8812 (CM) (JCF)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK  )
                              ) ss.:
COUNTY OF NEW YORK  )

Madeline M. Ranum, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 21st day of November 2013, she caused a true and correct copy of the foregoing LETTER BRIEF IN OPPOSITION TO MOTION FOR DISCOVERY EXTENSION to be served upon:

    Ronald J. Wronko, Esq.
    Law Offices of Ronald J. Wronko, LLC
    Attorneys for Plaintiff
    134 Columbia Turnpike
    Florham Park, New Jersey 07932
    973.360.1001

by facsimile and by filing same on the United States District Court, Southern District of New York's electronic court filing system.

                                                     Madeline M. Ranum

Sworn to before me this
21st day of November 2013

_____
Notary Public

JEAN W. McLOUGHLIN
Notary Public, State of New York
No. 01MC6184463
Qualified in Queens County
Commission Expires April 7, 20 16