| | | |
|---|---|---|
| Ronald J. Wronko •O | **LAW OFFICES OF**<br>**RONALD J. WRONKO, LLC**<br>*134 COLUMBIA TURNPIKE*<br>*FLORHAM PARK, NJ 07932*<br>(973) 360-1001<br>FAX (973) 360-1881 | 315 Madison Avenue,<br>Suite 901<br>New York, New York<br>10165<br>(212) 886-9057<br>(212) 957-1912<br><br>Member of New Jersey Bar •<br>Member of New York Bar O<br><br>**Reply to New Jersey** |

ron@ronwronkolaw.com
www.ronwronkolaw.com

November 22, 2013

**VIA ELECTRONIC FILING**

Hon. James C. Francis, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    **Leena Varughese, M.D. v. Mount Sinai Medical Center, et al.**
              **Civil Action No. 12 Civ. 8812 (CM)**

Dear Judge Francis:

      I represent Leena Varughese, M.D., in the above-referenced matter. Defendants filed their reply letter brief yesterday on the Motion to Quash. Plaintiff respectfully requests that the Court hold oral argument on the issues presented on the motion.

      Plaintiff further requests that the Court permit a sur reply to address issues raised by defendants in their reply, including: (a) the blatant and wrongful attempt to apply a substantive, summary judgment standard to a discovery application; (b) the baseless suggestion that plaintiff has abandoned any basis, including discrimination, as to why she seeks to take Dr. McCash's deposition, where defendants later acknowledge on page 8 of their brief that plaintiffs *are arguing discrimination as to that witness*; (c) defendants' failure to address the fact that its own witnesses have virtually no recollection of key events relating to witnesses plaintiff seeks to depose; (d) defendants' spurious new argument that the timing of the scheduling of Dr. Jordan's and Dr. Morency's depositions is somehow relevant where both doctors are out-of-state (Pennsylvania and Illinois respectively) and their depositions present logistics issues well known to the Court and to Mr. McEvoy; (e) defendants' spurious notion that Drs. Jordan and Morency are cumulative where they played a pivotal role in the termination of plaintiff where they gathered documentation on the termination on the eve of

Hon. James C. Francis, U.S.M.J.
November 22, 2013

the decision and can shed light on the timing of the first discussion to terminate plaintiff; (f) defendants' frivolous characterization of the cat's paw theory as "newly hatched," when plaintiff is not under any burden to present its full case prior to summary judgment and defendants repeated attempt to cut off discovery by arguing the motion as if it is one for summary judgment; (g) the bizarre and obstructionist argument that witnesses to the pivotal December 8, 2010 incident between plaintiff and Dr. McCash are "wholly irrelevant"; and (h) defendants' distortion of Mr. Johnson's testimony as being probative of the vague handwritten note that foul language was used by Dr. McCash where Mr. Johnson was plain that he had no recollection beyond what was written in his notes.

    As noted previously, defendants are in full scale obstructionist and stonewalling mode at this point. Plaintiff requests opportunity to be further heard on this application prior to any summary decision being entered based on the plethora of baseless arguments that defendants now seek to throw against the wall to cut discovery off prematurely.

    We thank the Court for its consideration of this matter.

Respectfully submitted,

Ronald J. Wronko

cc:    Rory J. McEvoy, Esq. (via ecf)