UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEENA VARUGHESE, M.D., | : | Civil Action No. 12 cv 8812 (CM/JCF) |
| Plaintiff, | : | ECF CASE |
| v. | : | CIVIL ACTION |
| MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D. and ABC Corp. 1-10, and JOHN DOES 1-10, Defendants. | : | |

---

**PLAINTIFF LEENA VARUGHESE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S DECEMBER 3, 2013 ORDER**

---

**Law Offices of Ronald J. Wronko, LLC**
134 COLUMBIA TURNPIKE
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE (973) 360-1001
FACSIMILE (973) 360-1881

Of Counsel and On the Brief:

Ronald J. Wronko, Esq.

1

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ........................................................................ii

PRELIMINARY STATEMENT ....................................................................2

STATEMENT OF FACTS .............................................................................3

     I.  DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION SHOULD
     BE GRANTED ...................................................................................4

CONCLUSION..............................................................................................7

## TABLE OF AUTHORITIES

**CASES**

1. Hogan-Cross v. Metropolitan Life Insurance Company, 568 F. Supp. 2d 410 (S.D.N.Y. 2008) ..........................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff, Leena Varughese, M.D. ("Varughese" or "plaintiff"), respectfully submits this memorandum of law in support of plaintiff's motion for partial reconsideration of the Court's December 3, 2013 Order.  Plaintiff respectfully requests the Court to reconsider its decision to bar plaintiff from taking the depositions of two (2) fact witnesses, Renato Valentin and Shabnam Jaffer, M.D.

The Court barred the depositions of these two fact witnesses on the grounds that their depositions would be too costly and would be cumulative.  The depositions of these witnesses would be very short and would not be costly.  Additionally, each witness saw events on December 8, 2010, when Chief Resident Samuel McCash assailed plaintiff Dr. Varughese and for which he was never disciplined.  Their testimony would not be cumulative but would be probative of what occurred that day as well as probative on the thoroughness of the internal investigations about the incident.

## STATEMENT OF FACTS

For purposes of brevity, plaintiff relies on the recitation of relevant facts contained in the underlying opposition to plaintiff's motion to quash.

## ARGUMENT

### I.

### PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION SHOULD BE GRANTED

Relief is available for reconsideration if the movant demonstrates that the "Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." See Hogan-Cross v. Metropolitan Life Insurance Company, 568 F. Supp. 2d 410 (S.D.N.Y. 2008). Plaintiff believes that the Court may have overlooked critical facts regarding the depositions of Mr. Valentin and Dr. Jaffer.

The Court's Order reflects that part of the basis for the quashing of the depositions of these two witnesses is that it would be too costly for the depositions to take place. There was never any indication in the motion papers that deposition of these two (2) witnesses would take anything other than a very brief amount of time. Plaintiff will stipulate to a one (1) hour time limit with each witness or will abide by any shorter time limit per witness that the Court would set. With a strict time limit, it would alleviate any issue regarding the costliness of these two depositions.

The Court's Order also reflects that the other basis for quashing these two depositions is that they would be duplicative and cumulative. This simply is not the case. Renato Valentin was indisputably present in the gross room on December 8, 2010, when Chief Resident Samuel McCash confronted Dr. Varughese. However, Mr. Valentin was not interviewed during any of the subsequent internal investigations. To date, it is unknown what knowledge Mr. Valentin has and why he was not interviewed in the internal investigations. If Mr. Valentin possesses relevant observations of the incident between Drs. McCash and Varughese on that date, especially observations about

4

inappropriate behavior by Dr. McCash, his testimony would raise legitimate questions about the thoroughness of the internal investigation. To deny plaintiff this deposition will forever leave unanswered the question of why all fact witnesses to the December 8, 2010 incident were not interviewed.

Dr. Jaffer was present on December 8, 2010. She was interviewed during the internal investigation. Without her deposition, plaintiff is left to rely on a single handwritten note from one of the investigations that both doctors used profanity. It is not cumulative or duplicative to explore with Dr. Jaffer in detail what she observed of Dr. McCash's behavior. Defendants have attempted to downplay the second interaction between Dr. McCash and Dr. Varughese that Dr. Jaffer observed because they appreciate that inquires into this second incident will definitively expose Dr. McCash's lack of professionalism for which he suffered no discipline or advisement. The recurring issue in this case is whether plaintiff was held to a different standard than her colleagues, including regarding the issue of professionalism. The extent to which Dr. McCash used profanity during the incident for which he received no discipline is a very important issue in this case. The fact that Dr. McCash only used profanity with Dr. Varughese and not others is also important to the issue of disparate treatment and harassment.

Both Mr. Valentin and Dr. Jaffer are fact witnesses who were not in defendant's hierarchy. All of plaintiff's depositions to date have been of the defendants' bloated list of supposed decision-makers. The only other depositions that the Court is permitting are of Chief Residents who are clearly aligned in interest with defendants. The Court should reconsider its decision to bar plaintiff from taking two, very brief depositions of the only witnesses whose interests are not aligned with the hierarchy at Mount Sinai.

Plaintiff has been mindful not to take excessive depositions. She has abandoned depositions of Dr. Najfeld, Dr. Azar, and Dr. Daniel Hughes. She is not asking the Court to reconsider the Order barring deposition of Dr. Guarino. Documents that defendants have produced implicate several other witnesses, including but not limited to Dr. Kalir, Dr. Yao, Dr. Hechtman, and Dr. Chepovetsky. However, plaintiff has not pressed for an increase in the number of depositions. Plaintiff feels strongly that Mr. Valentin and Dr. Jaffer will present a different picture than that presented by Dr. McCash and Dr. Adrienne Jordan about what happened on December 8, 2010. Plaintiff should not be barred from taking these two (2) depositions.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant plaintiff's motion for partial reconsideration and permit her to take the depositions of Shabnam Jaffer, M.D. and Renato Valentin.

DATED: December 13, 2013

LAW OFFICES OF RONALD J. WRONKO, LLC
*Attorneys for Plaintiff*

By: _____
Ronald J. Wronko, Esq.
For the firm