Ronald J. Wronko •○

# LAW OFFICES OF
# RONALD J. WRONKO, LLC

*134 COLUMBIA TURNPIKE*
*FLORHAM PARK, NJ 07932*
(973) 360-1001
FAX (973) 360-1881

315 Madison Avenue,
Suite 901
New York, New York
10165
(212) 886-9057
(212) 957-1912

Member of New Jersey Bar •
Member of New York Bar ○

**Reply to New Jersey**

ron@ronwronkolaw.com
www.ronwronkolaw.com

December 26, 2013

**VIA ECF**

Hon. James C. Francis, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    **Leena Varughese, M.D. v. Mount Sinai Medical Center, et al.**
              **Civil Action No. 12 Civ. 8812 (CM)**

Dear Judge Francis:

      I represent Leena Varughese, M.D., in the above-referenced matter. Please accept this letter in response to defendants' December 24, 2013 application to compel Adrienne Jordan, M.D.'s deposition to take place via videoconference or, in the alternative, for costs and fees for an in-person appearance.

      Former Co-Chief Resident Adrienne Jordan, M.D., resides just outside the 100 mile radius of the U.S. District Court. Plaintiff cannot effectively take Dr. Jordan's deposition remotely. There is voluminous documentation by way of e-mails that Dr. Jordan sent and/or received relating to plaintiff. The voluminous documentation involved in this case would make it difficult to take Dr. Jordan's deposition remotely rather than being present in front of her. This is not a deposition involving no documents or only a handful of documents that could be managed by the reporter and witness remotely. It is simply too large a volume for the reporter to manage while doing her/his job.

      Beyond those documents on which Dr. Jordan was an author or direct recipient, there is other voluminous documentation produced in this case. It will be a logistical nightmare to try to anticipate each and every document that might be necessary during the deposition to send to the reporter in advance. Many documents, such as the House Staff Affairs manual,

Hon. James C. Francis, U.S.M.J.
December 26, 2013

are voluminous and cannot simply be faxed in the middle of the deposition. It is unreasonable to expect that plaintiff would have to ship stacks of documents to a reporter to manage while transcribing the deposition.

Additionally, despite defendants' counsel's position on this application, defendants' counsel has made it clear that it intends to have a representative physically present at all depositions. Such intent was expressed in person by Mr. McEvoy at the July 2013 conference. Mr. McEvoy's attempt to cast the issue as one where his hand is being forced by plaintiff runs counter to his representations sitting right in front of Your Honor. Plaintiff should be entitled to appear in person in light of such position by defendants' counsel.

With regard to defendants' request for costs and a fee pursuant to Local Rule 30.1, plaintiff is not unduly driving up the costs on defendants. First, this deposition is not going to require a plane ticket or any type of extraordinary expense. Hershey Pennsylvania is only a 3 hour drive straight out Route 78 from New York, and a 2 ½ hour drive from the Firm's Morristown, New Jersey Office, if there is an available attorney to cover the deposition. Mr. McEvoy already indicated that he would be having an attorney in the Firm's Chicago office cover the Morency deposition. See e.g., Hoff v. WPIX, Inc., 11 Civ 1591 & 10 Civ. 7819, 2012 WL 4471445 (S.D.N.Y. September 21, 2012) (denying an attorney fee because travel to California for a deposition was not an undue expense and granting ½ costs only because the deposition was scheduled on short notice). There is no reason that travel to and from Hershey cannot be done the same day as the deposition.

It has taken the undersigned 2 hours to commute into New York City for every deposition that has occurred in this case from Florham Park, New Jersey. New York counsel may have the luxury of never leaving New York City for a deposition. However, it is hardly an usual or excessive burden for counsel to have to spend a few hours in a car to get to a deposition.

There is also a very substantial disparity in this case of resources of the parties. While defendants complain about costs, defendant Mount Sinai Medical Center is defended by a large and presumably expensive corporate law firm. This defendant presumably has resources commensurate with its size. This is reflected by the fact that it spent five (5) days deposing plaintiff, which plaintiff argued was excessive and substantially drove up her costs in court reporting expenses. In contrast, plaintiff is a single, unemployed individual whose medical career has been significantly harmed by her termination from the Pathology residency program. This is not a case where the plaintiff is a commercial company on equal footing to the defendant. Cf. Commodity Futures Trading Comm'n v.Commodity Inv. Grp., Inc.,05 Civ. 5741(HB), 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005).

As outlined in the recent motion regarding defense depositions, plaintiff has taken depositions of defendants' decision-makers. By defendants' witnesses' own admission, the

Hon. James C. Francis, U.S.M.J.
December 26, 2013

decision to terminate was made by the Pathology Department leadership in consultation with Human Resources and Graduate Medical Education. There were no fewer than seven to ten people involved in this decision. This was not a case where a single individual made the decision. Plaintiff has been in the unenviable position of being *forced* to take a large number of depositions to hear from those individuals involved in the decision-making process. Now, defendants seek to punish plaintiff because of defendants' strategic decision to involve a large number of people in its bloated decision-making process. Plaintiff is taking only those depositions that are necessary and no more. Tellingly, defendants called Dr. Jordan as a material witness during Dr. Varughese's internal appeal of her termination.

The Court must also be mindful that this case is a Title VII civil rights action involving a fee shifting statute. Other courts have found that it is not appropriate to shift costs when it would act as a deterrent to plaintiffs in civil right statutes. See e.g., Best v. C&M Door Controls, Inc., 981 A.2d 1267 (N.J. 2008) (finding that employers cannot recover fees and costs under Offer of Judgment rule because it would run counter to public policy of a civil right statute). In light of the fact that this is a case brought under Title VII of the Civil Rights Act, the Court should not shift costs as it would run counter to the public policy of this remedial statute.

Finally, the Court is given discretion under the local rule to deny a request for costs and a fee without prejudice until the case is resolved at trial. If the Court is not inclined to deny the application outright, the Court should refrain from making a decision until this matter is resolved at trial.

In sum, plaintiff should be permitted to take Dr. Jordan's deposition in-person and without being punished by the shifting of fees and costs for it.

We thank the Court for its consideration of this matter.

                                          Respectfully submitted,

                                          /s/ *Ronald J. Wronko*
                                          Ronald J. Wronko

cc:    Rory J. McEvoy, Esq. (via ECF)