

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy
Partner
+1 212 912 2787
fax +1 212 308 4844
rmcevoy@edwardswildman.com

December 27, 2013

**VIA ECF**

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Varughese v. Mount Sinai Medical Center, et al.
             Docket No.: 12 Civ. 8812 (CM) (JCF)

Dear Judge Francis:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") and the individual defendants (collectively "Defendants"), I write in response to counsel for Plaintiff's letter to the Court, dated December 26, 2013, opposing Defendants' application that Dr. Adrienne Jordan's deposition should be taken by teleconference, or in the alternative, for an Order, pursuant to Local Rule 30.1 requiring Plaintiff to pay the expenses associated with appearing for Dr. Jordan's deposition. In his letter, Plaintiff's counsel makes a number of misrepresentations and misstatements. I address each one in turn.

1.    It is not true that there are "voluminous" documents that make it impossible to take Dr. Jordan's deposition by teleconference. To date, Plaintiff has taken nine depositions, including those of the individuals who were the decision-makers regarding Plaintiff's employment at Mount Sinai. The largest numbers of exhibits were the 51 shown to Dr. Firpo. At the other depositions, Plaintiff showed the witnesses 8, 11, 18, 20, 21, 29, 30 and 49 exhibits – hardly a voluminous number. In addition, virtually all of the exhibits were one and two page e-mails. It is nonsensical for Plaintiff to assert that she will not know, in advance, the documents that she will show Dr. Jordan during her deposition. Plaintiff has never questioned any witness about the entire 118-page House Staff Manual (again, hardly a voluminous document). Rather, Plaintiff has asked only about specific sections of the manual which could easily be sent to the reporter in advance. This is simply not a case involving hundreds of lengthy documents.

2.    Plaintiff's claim that I "made it clear that [I] intend[] to have a representative physically present at all depositions" is incorrect. It is absurd for Plaintiff to argue that Defendants would have me or a colleague appear at Dr. Jordan's deposition taken by teleconference when the purpose of their application is to avoid the cost of appearing in person. If the Court orders Dr. Jordan's deposition to be taken by teleconference no one from my office will appear in person at the deposition. Dr. Jordan may elect at her own expense to have her own lawyer present.

Case 1:12-cv-08812-CM-JCF   Document 94   Filed 12/27/13   Page 2 of 2



The Honorable James C. Francis
December 27, 2013
Page 2

3.      Plaintiff optimistically estimates that it will only take six hours to drive round trip from New York to Hershey. Plaintiff presumes that the weather and traffic conditions in mid-January will be ideal and that the trip can be made in one day. It is more realistic to assume that I will have to travel to Hershey the day before the deposition and to secure a hotel room for the night. The six hours of travel time will cost Defendants between $3K and $4K in fees alone. There is no legitimate reason for Defendants to incur this unnecessary expense on top of the substantial fees and expenses already incurred in this case.

4.      Plaintiff's argument that Defendants' financial resources should operate to prevent her from paying the costs of appearing at Dr. Jordan's deposition lacks merit. Defendants' resources are not a factor that "cuts significantly against adhering to the presumption created by Local Rule 30.1. *In re Fosamax Products Liab. Litig.*, No. 1:06-MD-1789, 2009 WL 539859, at *3 (S.D.N.Y. Mar. 4, 2009) (Francis, J.). Plaintiff's argument that she should not have to bear the costs of taking Dr. Jordan's deposition in person because she needs to take that deposition misses the point. The Court previously ruled that Plaintiff could take Dr. Jordan's deposition. The issue presented here is the manner in which Dr. Jordan will be deposed and who will bear the cost.

5.      Plaintiff cites no applicable authority to support her argument that Local Rule 30.1 does not apply in a Title VII case. The salutary purpose of that rule – to dissuade parties from taking remote depositions in person where less costly alternatives are available – applies equally in an employment discrimination case as it does in any other type of case. *See Teen Model v. Blood is the New Black*, No. 11 Civ. 5766, 2012 WL 5838185, at *1 (S.D.N.Y. Oct. 26, 2012).

6.      Local Rule 30.1 does not provide that the Court has discretion to deny a request for costs and fees without prejudice until the case is resolved at trial. While the rule provides that "The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding," "an award of expenses made pursuant to the Rule should be made 'prior to' the deposition in question." *Teen Model, supra* at *2

While Plaintiff's counsel will no doubt respond to this letter to offer a new set of excuses and explanations why Defendants' application should be denied, the simple, unavoidable fact is that Dr. Jordan's deposition can be conducted by teleconference and, if the deposition proceeds in person, Plaintiff should be ordered to pay the expenses provided for in Local Rule 30.1.

Respectfully submitted,

Rory J. McEvoy

cc:     Ronald J. Wronko, Esq. (via ECF)