Case 1:12-cv-08812-CM-JCF Document 92 Filed 12/24/13 Page 1 of 22

EDWARDS WILDMAN

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main +1 212 308 4844 fax
edwardswildman.com

MEMO ENDORSED

Rory J. McEvoy
Partner
+1 212 912 2787
*fax* +1 212 308 4844
rmcevoy@edwardswildman.com

December 24, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 12/30/13

**VIA ECF**

The Honorable James C. Francis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Varughese v. Mount Sinai Medical Center, et al.
Docket No.: 12 Civ. 8812 (CM) (JCF)

Dear Judge Francis:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") and the individual defendants (collectively "Defendants"), I write to request an Order pursuant to Fed. R. Civ. P. 30(b)(4) requiring Plaintiff to take the depositions of Dr. Adrienne Jordan by teleconference or other remote means, or in the alternative, for an Order pursuant to Local Civ. R. 30.1, requiring Plaintiff to pay the expenses (including a reasonable attorneys' fee) associated with appearing for the deposition of Dr. Jordan, who resides more than 100 miles from the courthouse.

## I. Relevant Facts

After the Court issued the December 3, 2013 Order permitting Plaintiff to take the deposition of Dr. Samuel McCash, Dr. Jordan and Dr. Elizabeth Morency, Plaintiff's counsel informed me that he intended to take the deposition of Dr. Jordan (who lives and works in Hershey, Pennsylvania[1]) in person and to take the deposition of Dr. Morency (who lives and works in Chicago, Illinois) via teleconference.[2] (A copy of Mr. Wronko's December 10, 2013 letter is Exhibit 1 hereto). I had previously told Mr. Wronko that, if he decided to travel to Hershey or Chicago, I would make an application pursuant to Local Civil Rule 30.1 for an order that, prior to the examination, Plaintiff pay the expense, including a reasonable attorneys' fee, of the attendance of me or one of my colleagues at the deposition. (A copy of my December 6 letter is Exhibit 2 hereto).

[1] Hershey, Pennsylvania is approximately 162 miles from the courthouse.

[2] Dr. McCash lives and works in New York City.





**II. The Deposition Of Dr. Jordan Should Proceed By Teleconference or Other Remote Means**

The usual rule in federal litigation is that "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *In re Fosamax Products Liab. Litig.*, No. 1:06-MD-1789, 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009) (Francis, J.) (quotation omitted). Despite this general presumption, Fed. R. Civ. P. 30(b)(4) specifically provides that "the court may on motion order—that a deposition be taken by telephone or other remote means." In interpreting this rule, courts have held that "[t]elephone depositions are a 'presumptively valid means of discovery.'" *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (quoting *Normande v. Grippo*, No. 01 Civ. 7441, 2002 WL 59427, at *2 (S.D.N.Y. Jan. 16, 2002)). The rule itself does not specify the standards for determining whether or not to grant a request to take a telephone deposition, and "the decision…is left to the discretion of the Court, which must balance claims of prejudice and those of hardship." *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, Nos. 10 CV 1149, 10 CV 1727, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (quotation omitted). However, the "[a]uthorization to take telephonic depositions does not depend upon a showing of hardship by the applicant." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 48 Fed. R. Serv. 3d 897 (S.D.N.Y. 2000).

Plaintiff has failed to offer any justification for the need to take Dr. Jordan's deposition in person, and it would be more convenient and less burdensome to conduct her deposition by teleconference or other remote means pursuant to Fed. R. Civ. P. 30(b)(4).

In opposition to Defendants' motion for a protective order, Plaintiff argued that Dr. Jordan's deposition was necessary because she was "actively involved in administering discipline to plaintiff," and that she "possess[ed] key facts about discipline or the lack of discipline as to other similarly-situated residents. (Plaintiff's November 14, 2013 opposition to Defendants' motion for a protective order is Exhibit 3 hereto, at pp. 9-10). There is nothing in Plaintiff's purported reason for taking Dr. Jordan's deposition that in any way inhibits Plaintiff's ability to conduct this deposition by teleconference. Nor could Plaintiff make such an argument because her stated reason for the need to take Dr. Morency's deposition, which she intends to take by teleconference is virtually identical to her reasons for deposing Dr. Morency. "[L]ike Dr. Jordan, Dr. Morency lobbied for plaintiff's termination" and was allegedly asked to provide feedback regarding Plaintiff's performance issues. (*See* Exhibit 4, p. 10). There simply is no principled reason why Plaintiff can elicit this information from Dr. Morency by teleconference but must put Defendants to considerable expenses to travel to Pennsylvania to obtain the same type of information from Dr. Jordan in-person.





Accordingly, the Court should order Plaintiff to conduct Dr. Jordan's deposition by teleconference pursuant to Fed. R. Civ. P. 30(b)(4).

**III. If The Court Permits Dr. Jordan's Deposition To Be Taken In Person, Plaintiff Should Be Ordered, Prior To The Examination, To Pay The Expenses, Including A Reasonable Attorneys' Fees, Of The The Attendance Of Defendants' Counsel At Dr. Jordan's Deposition**

Local Civil Rule 30.1 provides, in relevant part, "[w]hen a proposed deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expenses (including a reasonable counsel fee) of the attendance" at the deposition. As this Court found, there is a presumption under Local Rule 30.1 that a party seeking to take a deposition more than 100 miles from the courthouse should pay the expenses provided for by the Local Rule. *See In re Fosamax Products Liab. Litig.*, 2009 WL 539858 at *3 (Francis, J.) (granting defendants' application for expenses relating to the deposition of plaintiff's expert in Australia and finding that no factor, including the vast resources of the defendant, "cuts significantly against adhering to the presumption created by Local Rule 30.1").

Local Rule 30.1 serves the valuable purpose of "allow[ing] courts to weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense." *Teen Model v. Blood is the New Black*, No. 11 Civ. 05766, 2012 WL 5838185, at *1 (S.D.N.Y. Oct. 26, 2012). "The possibility of being ordered to pay under the Rule should encourage litigants to give thoughtful consideration to their need for depositions that would involve expensive travel, and should operate to dissuade parties from taking such depositions where less costly alternatives are available." *Id.* To this end, "an award of expenses made pursuant to the Rule should be made 'prior to' the deposition in question." *Id.* at *2.

If the Court permits Dr. Jordan's deposition to proceed in-person, Plaintiff should be ordered to cover the costs and expenses (including a reasonable counsel fee) for appearing at Dr. Jordan's deposition in Pennsylvania because there is no factor weighing against the presumption created by Local Rule 30.1. In this action, Plaintiff has taken nine depositions and six more are scheduled. Defendants have incurred considerable expense in preparing for and defending these depositions. As shown above, there is no reason why Plaintiff cannot take Dr. Jordan's deposition by teleconference (just like she intends to take Dr. Morency's). Under these circumstances, Defendants should not be required to bear the expense of traveling to Pennsylvania to defend this deposition. If Plaintiff insists on taking Dr. Jordan's deposition in person (and the Court permits it), Plaintiff should pay the costs provided for by Local Rule 30.1. In *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, the plaintiff sought the depositions of over thirty individuals regarding claims brought under anti-fraud provisions of the

Commodity Exchange Act. While the Court allowed the plaintiff to proceed with sixteen depositions (about the same number that Plaintiff will take here), it found that defendants "demonstrated good cause" to shift the costs to plaintiff. Accordingly, the Court found that Plaintiff was "responsible for paying the costs associated with any depositions that occur more than one hundred miles from this courthouse." *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, 05 CIV. 5741 (HB), 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005). Because Defendants have made a similar showing of good cause, the Court should order Plaintiff to pay the expenses, including a reasonable counsel fee, for Defendants' counsel to attend Dr. Jordan's deposition.

**IV. Conclusion**

For all the foregoing reasons, Defendants' application for an Order pursuant to Fed. R. Civ. P. 30(b)(4) requiring Plaintiff to take the depositions of Dr. Jordan by teleconference or remote methods, or in the alternative, for an Order pursuant to Local Civ. R. 30.1, requiring Plaintiff to pay the expenses and attorneys' fees for appearing at Dr. Jordan's deposition should be granted.

Respectfully submitted,

Rory J. McEvoy

cc: Ronald J. Wronko, Esq. (via ECF)

12/27/13

Application denied. The need to show the witness multiple documents would make a videoconference cumbersome; the parties have disparate resources; and Pennsylvania is not Australia.

SO ORDERED.
James C. Francis IV
USMJ