# EXHIBIT C



EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy
Partner
+1 212 912 2787
*fax* +1 212 308 4844
rmcevoy@edwardswildman.com

December 30, 2013

**VIA EMAIL**

Ronald J. Wronko, Esq.
Law Offices of Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932

      Re:    Varughese v. Mount Sinai Medical Center, et al.
              12 Civ. 8812 (CM) (JCF)

Dear Mr. Wronko:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") and the individual defendants (collectively "Defendants"), I write in response to your letter, dated December 19, 2013, which raises a number of discovery issue. As an initial matter, many of these issues could (and should) have been raised months ago. Your demand that Defendants respond to the issues that you raised in your letter in six business days spanning the Christmas holiday is patently unreasonable and a sign of Plaintiff's bad faith regarding these discovery disputes. Although I will respond to each of the issues, Defendants will not be bound by your deadline.

**Robert Wood Johnson Depositions**

Defendants will not consent to an extension of the January 15, 2014 discovery cutoff deadline to allow more time to complete the depositions of Dr. Billie Fyfe-Kirschner and Dr. Evan Cadoff. Plaintiff issued subpoenas for these depositions on October 7, 2013, eleven weeks ago. Moreover, Plaintiff received documents from Robert Wood Johnson Medical Center on November 1, 2013, which was nearly eight weeks ago. There is no reason why Plaintiff could not take these depositions between November 1, 2013 and January 15, 2014. I reiterate that Dr. Jordan is available to be deposed on January 10. Please let me know whether you will proceed with her deposition on that date.

**Meet and Confer Regarding ESI**

The only reason that we were unable to meet and confer regarding the 5,000 ESI documents is because you did not respond to my e-mails offering to meet on the day that Dr. Firpo and Ms. Tiger-Paillex were deposed. I would suggest that we meet on January 8, 2014 during the depositions of Drs. Figur and McCash. I plan to defend at least Dr. Figur's deposition and, as you previously proposed, we can conference in Mr. Larkin by telephone. In the meantime, and



Ronald J. Wronko, Esq.
December 30, 2013
Page 2

to facilitate our discussion, I will send you a letter regarding the documents in question that should clarify the issues.

### Day 2 of Dr. Firpo's Deposition

To the extent that documents exist, and can be located after a reasonable search, regarding the implementation of Dr. Azar's final warning, they will be produced on or before January 15, 2014. Similarly, if Dr. Yao prepared a self-reflection essay and if it can be located after a reasonable search, it will be produced on or before January 15, 2014.

### Caryn Tiger-Paillex's Deposition

All handwritten notes by Marie Diaz for the May 11, 2011 meeting have been produced. See Bates No. D02853.

### Paul Johnson's Deposition

Defendants object to producing Dr. Lahiji's Notice of Academic Advisement on the grounds that she was not a resident in the Pathology Department.

Defendants will produce a copy of Dr. Blowe's final written warning and copies of any documents, to the extent that they exist and can be located after a reasonable search, which show that (i) Dr. Blowe had problems with receiving feedback and (ii) Dr. Blowe was not permitted to return to the workplace absent physician clearance.

### Defendants' Response to Plaintiff's Request for Admissions

Defendants' Response to Plaintiff's Request for Admissions was served on November 12, 2013, over six weeks ago. The issues regarding those responses that you raise in your December 19, 2013 letter could and should have been raised long ago. Plaintiff is obliged to promptly raise discovery issues and may not wait until the eve of the discovery cutoff deadline to do so. Accordingly, it is Defendants' position that Plaintiff has waived the right to challenge their responses to Plaintiff's Request for Admissions.

Request Nos. 54-58: The only record of attendance at mandatory morning conference is the attendance sheets for those conferences. Defendants responded to each of these requests by admitting the information that is contained in the attendance sheets for the period in question. There is no other information available regarding this attendance issue and Defendants will not modify their responses to Request Nos. 54-58.



Ronald J. Wronko, Esq.
December 30, 2013
Page 3

Request No. 60: In the Court's July 11, 2013 Order, Judge Francis ruled that, with regard to Plaintiff's discovery demands regarding coverage, Defendants must produce "the coverage list and all documents relating to requests for coverage, including the acceptance or refusal of such requests, for the period August 2011 through September 2011." The Court did not require Defendants to produce any additional documents or information regarding coverage issues and Plaintiff had the opportunity at the conference to, and did, make other requests for coverage information which were rejected by the Court. In addition, the Court never suggested using a Request for Admission to obtain the information sought by this request. The Court resolved the dispute over documents regarding other residents' FMLA leave by stating in the Order that Plaintiff could propound a specified Request to Admit. That is the only issue on which the Court specifically authorized a Request to Admit to resolve a discovery dispute. Accordingly, Defendants will not modify their response to this request.

Request No. 70. The July 11 Order specifically states that "Defendants need not produce the requested documents relating to FMLA leave requests by residents other than plaintiff, but plaintiff may propound a notice to admit seeking an admission, that, aside from the allegations about her own treatment, no resident was denied the opportunity to submit an application for FMLA leave." Rather than comply with the Court's order, Plaintiff's request is different both in language and content than the one authorized by the Court. Although Defendants could have simply objected to this request, they instead responded to the one permitted by the Court.

Plaintiff's continued attempt to litigate discovery issues that have been resolved may run afoul of the Court's warning in its December 3, 2013 Order "to keep in mind the sanctions available under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings."

### Defendants' Response to Plaintiff's Second Request for Documents

As a preliminary matter, Defendants take the same position regarding Plaintiff's objections to their responses to the Second Request for Documents because, like the responses to the Requests to Admit, the responses to these document requests were served on November 12, 2013 and any issue regarding those responses should have been raised weeks ago.

Request No. 30: Once again, Plaintiff misrepresents the Court's rulings. The Court never ruled that Plaintiff was entitled to any disciplinary action taken against any Pathology Resident through the present for insubordination, lack of professionalism or patient care lapses. The Court's December 3, 2013 Order only instructs Defendants to "produce documents regarding attendance at mandatory morning conferences for the period post-dating [P]laintiff's termination," which Defendants will produce today.


**EDWARDS WILDMAN**

Ronald J. Wronko, Esq.
December 30, 2013
Page 4

Nevertheless, the only Pathology residents who were subject to disciplinary action for any of these reasons are Dr. Azar and Dr. Blowe. A copy of the final warning issued to Dr. Azar has been produced. As discussed above, a copy of Dr. Blowe's final warning will be produced.

Request No. 33: Defendants will produce a copy of the summative evaluation for Paul Azar.

### Privilege Log

As agreed, in October 2013, Defendants reviewed all documents withheld as privileged to determine if any of the documents should be produced in light of the issues you raised in your letter, dated October 8, 2013. After the documents were reviewed, Defendants produced documents off of the privilege log on October 16, 2013. For more than two months, Plaintiff raised no issues regarding the privilege log. As with the other, similar issues addressed in this letter, Plaintiff had an obligation to raise these issues promptly and her failure to do so waives her right to do so at this late date.

Once again, Plaintiff misstates the applicable legal standard. Your assertion that documents on which Ms. Lowy was copied are, as a matter of law, not privileged is incorrect. The content and purpose of the document determines whether the document is privileged.

Entries 1-4, 6, 8-9. You are incorrect in your assertion that these documents "are pivotal entries discussing the decision to place plaintiff on Academic Advisement." In fact, these documents all relate to Plaintiff's refusal to sign the Academic Advisement and Ms. Lowy's legal advice regarding that refusal. Accordingly, they are privileged and will not be produced. Defendants will produce Entries 8 and 9 because, although technically privileged, they establish that the later e-mails all relate to Plaintiff's refusal to sign the Academic Advisement.

Entries 33-34. Without waiving their position that these documents are privileged, Defendants will produce these documents.

Entries 44-47. Entries No. 45-47 all seek or relate to Ms. Lowy providing legal advice regarding residents, including Dr. Varughese's, obligations to log duty hours. Accordingly, they are privileged and will not be produced. Without waiving their position that this document is privileged, Defendants will produce Entry No. 44.

Entry 50. Ms. Lowy was not as you call it "an obligatory 'cc'" on this document. The e-mail is addressed to Ms. Lowy. Without waiving their position that this document is privileged, Defendants will produce Entry No. 50.



Ronald J. Wronko, Esq.
December 30, 2013
Page 5

Entries 99-108. These entries are all regarding Dr. Varughese's unauthorized presence at work after she was told not to report to work by Dr. Firpo. They seek Ms. Lowy's legal advice about how to respond to this situation. Accordingly, they are privileged and Entry Nos. 100-102 and 108 will not be produced. If you had bothered to review my October 16, 2013 letter before you wrote your December 19 letter, you would have seen that Defendants have produced Entry Nos. 99, 104, 105 and 106 (Bates Nos. D02839 and D02841-42). Defendants will also produce Entry Nos. 103 and 107.

Entries 111, 114, 115. Entry Nos. 114 and 115 are e-mails that have nothing to do with the decision to terminate Dr. Varughese. They relate to the meeting with Dr. Varughese to inform her that she was being summarily suspended and terminated. The e-mails seek Ms. Lowy's legal advice about how that meeting should be conducted. Accordingly, they are privileged and will not be produced. Defendants will produce Entry No. 111.

Documents Marked D_ESI025943. The e-mails that were redacted on this document, with the exception of the ones authored by or sent to Ms. Lowy, have been produced at Bates Nos. D02829, D02201, D02834, D02835, D02199-2200.

### Dr. Morency's Deposition

Dr. Morency is available on January 13 or 14, 2014 for her deposition.

Very truly yours,

Rory J. McEvoy