# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEENA VARUGHESE, M.D., | Civil Action No. 12 cv 8812 (CM/JCF) |
| Plaintiff, | ECF CASE |
| v. | CIVIL ACTION |
| MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D. and ABC Corp. 1-10, and JOHN DOES 1-10, Defendants. | |

**PLAINTIFF LEENA VARUGHESE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL <u>IN CAMERA</u> INSPECTION AND PRODUCTION OF DOCUMENTS WITHHELD BY DEFENDANTS AS PRIVILEGED**

**Law Offices of Ronald J. Wronko, LLC**
134 COLUMBIA TURNPIKE
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE (973) 360-1001
FACSIMILE (973) 360-1881

Of Counsel and On the Brief:

    Ronald J. Wronko, Esq.

## PRELIMINARY STATEMENT

Plaintiff, Leena Varughese, M.D. ("Varughese" or "plaintiff"), respectfully submits this memorandum of law in support of plaintiff's motion to compel in camera inspection and production of documents withheld by defendants as privileged.

Defendants have produced two (2) privilege logs in this matter. The first privilege log has been the subject of multiple meet and confers and supplemental production by defendants of numerous documents from the log that were not truly privileged. The second privilege log is comprised of documents withheld from ESI discovery on the basis of privilege. It is items on the ESI privilege log that form the basis of this application.

Defendants have withheld twenty-five (25) documents that were not directly addressed to counsel. The in-house counsel is merely a "cc." Despite an effort to meet and confer regarding the fact that merely "cc'ing" counsel does not create a privilege, defendants have failed to produce such documents and/or confirm that such documents specifically reference a request for legal advice or reflect the advice itself. Accordingly, plaintiff specifically requests that the Court compel an *in camera* inspection of the twenty-five (25) documents and order them produced.

## STATEMENT OF FACTS

On or about November 22, 2013, defendants produced a privilege log of withheld documents from their ESI document production. See Ex. A, Declaration of Ronald J. Wronko ("Wronko Decl."). The ESI privilege log contains 25 documents that are either "cc'd" to in-house attorney Marina Lowy or do not have her as a recipient or as a sender.

By letter dated December 19, 2013, plaintiff's counsel specifically requested that defendants revisit the entries on the ESI privilege log where Ms. Lowy was "cc'd." See Ex. B, Wronko Decl. While defendants were amenable to producing some documents from their privilege log, defendants have not revisited all of the documents withheld based on a "cc." See Exs. C & D, Wronko Decl. The entries are: 13-16, 18, 19, 21, 28 – 30, 33, 35-36, 41, 47, 49, 50-54, 67-69, and 70. Three of the entries have Adrienne Jordan, who was a resident and not a member of upper management on the e-mails (29, 30, & 41). Entries 68-70 do not even have in-house counsel as a sender or recipient.

Documents produced during discovery have shown that defendants routinely "cc'd" Ms. Lowy, not for legal advice but to simply keep her informed. See Ex. E, Wronko Decl.

## ARGUMENT

### I.

### PLAINTIFF'S MOTION FOR AN IN CAMERA INSPECTION OF DOCUMENTS AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS SHOULD BE GRANTED

A party claiming an "attorney-client privilege has the burden of establishing all the essential elements thereof." Von Bulow v. Von Bulow, 811 F.2d 136, 146 (2d Cir. 1987). Such burden must be carried based on competent evidence. Golden Trade v. Lee Apparel Co., 143 F.R.D. 514, 523 (S.D.N.Y. 1992). See also In re Six Grand Jury Witnesses, 979 F.2d 939, 944 (2d Cir. 1992) (holding that whether privilege exists requires "common sense ... in light of reason and experience" and should be determined "on a case-by-case basis").

Simply "cc'ing" an in-house counsel does not create any privilege. See In re Grand Jury Proceedings, 2001 WL 1167497, FN41 (S.D.N.Y. 2001) (a "cc" does not transform a communication into an attorney/client communication); United States Postal Serv. V. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-164 (E.D.N.Y. 1994) ("a corporation cannot be permitted to insulate its files from discovery simply by sending a "cc" to in-house counsel.").

Defendants have produced an ESI privilege log containing 70 entries. Twenty-five entries contain either a "cc" to legal counsel or do not contain legal counsel listed at all. The entries are: 13-16, 18, 19, 21, 28 – 30, 33, 35-36, 41, 47, 49, 50-54, 67-69, and 70. Three of the entries include Resident Adrienne Jordan, M.D., who was not a member of upper management, on the e-mails (29, 30, & 41). Dr. Jordan is a third party, which may result in waiver of any privilege because of disclosure of the communication to her.

For a privilege to attach, "disclosure to [the] third party ... [must be] necessary for the client to obtain informed legal advice." Nat'l Educ. Training Group, Inc. v. Skillsoft Corp., 1999 WL 378337, at *4 (S.D.N.Y. June 10, 1999) (citing cases). "The available case law indicates that the 'necessity' element means more than just useful and convenient, but rather requires that the involvement of the third party be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communications." Id. at *104. Thus, where the third party's presence is merely "useful" but not "necessary," the privilege is lost. Id. at *5. Entries 68-70 do not even have in-house counsel as a sender or recipient.

Documents produced during discovery reflect that in-house counsel Marina Lowy was copied on internal e-mails regardless of whether the content of such e-mails had anything to do with legal advice. See e.g., Ex. E, Wronko Decl. She was copied apparently to keep her informed about the Department of Pathology's interactions with plaintiff.

Based on the foregoing, there is a substantial likelihood that many of the withheld documents are not privileged, in whole or in part. An in camera inspection of this limited number of documents is warranted to ensure that defendants' utilization of an obligatory "cc" is not wrongfully depriving plaintiff of full discovery.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court grant plaintiff's motion to compel *in camera* inspection of and production of documents withheld by defendants as privileged.


DATED: January 6, 2014


LAW OFFICES OF RONALD J. WRONKO, LLC
*Attorneys for Plaintiff*

By: _____
Ronald J. Wronko, Esq.
For the firm