UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEENA VARUGHESE, M.D.,

        Plaintiff,

    -against-

MOUNT SINAI MEDICAL CENTER, PATRICK
LENTO, M.D., CARLOS CORDON-CARDO, M.D.,
ADOLFO FIRPO, M.D., IRA J. BLEIWESS, M.D.,
and ABC Corp. 1-10, and JOHN DOES 1-10,

        Defendants.

12 Civ. 8812 (CM) (JCF)

**MEMORANDUM OF LAW IN IN OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AN *IN CAMERA* REVIEW AND PRODUCTION OF DOCUMENTS
DESIGNATED BY DEFENDANTS AS PRIVILEGED**

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Attorney for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS ............................................................................................................................... 2

    A.    Plaintiff's Delay In Attempting To Resolve Disputes Regarding
         Defendants' Privilege Logs ...................................................................... 2

    B.    Plaintiff's Objections To The ESI Privilege Log ...................................... 4

ARGUMENT ...................................................................................................................... 7

    I.    PLAINTIFF'S MOTION TO COMPEL IN CAMERA REVIEW AND
        PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED
        SHOULD BE DENIED BECAUSE THE DOCUMENTS THAT ARE
        THE SUBJECT OF PLAINTIFF'S MOTION WERE PROPERLY
        DESIGNATED AS PRIVILEGED .............................................................. 7

    II.    PLAINTIFF'S MOTION TO COMPEL IN CAMERA REVIEW AND
        PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED
        SHOULD BE DENIED BECAUSE AN IN CAMERA REVIEW IS
        UNWARRANTED AND A WASTE OF JUDICIAL RESOURCES ................... 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*American S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Alcoa S .S. Co.,*
  04 Civ. 4309, 2006 WL 278131 (S.D.N.Y. Feb. 2, 2006) (Francis, J.).....................................9

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,*
  160 F.R.D. 437 (S.D.N.Y. 1995) (Francis, J.)........................................................................7

*Collens v. City of New York,*
  03 CIV. 4477, 2004 WL 1395228 (S.D.N.Y. June 22, 2004) ..................................................9

*Davis v. City of New York,*
  No. 10 Civ. 699, 2012 WL 612794 (S.D.N.Y. Feb. 27, 2012)................................................9

*Go v. Rockefeller Univ.,*
  280 F.R.D. 165 (S.D.N.Y. 2012)..........................................................................................7

*TVT Records, Inc. v. Island Def Jam Music Grp., a Div. of UMG Recordings, Inc.,*
  02 CIV. 6644, 2003 WL 749801 (S.D.N.Y. Mar. 5, 2003) ..................................................7, 8

*Upjohn Co. v. United States,*
  449 U.S. 383 (1981) ............................................................................................................7

## PRELIMINARY STATEMENT

Plaintiff's motion to compel an *in camera* review and production of certain ESI documents withheld on the basis of the attorney-client privilege is a waste of judicial resources and should be denied because (i) many of the documents that Plaintiff asks the Court to review have already been produced in discovery, and (ii) there can be no serious doubt that the remaining documents that are the subject of Plaintiff's motion are privileged. Plaintiff's motion is wholly unnecessary because, if Plaintiff's counsel had bothered to call or otherwise inquire about the disputed documents, the matter could almost certainly have been resolved without the need for judicial intervention. Instead, Plaintiff waited to object until December 19, 2013, more than a month after the ESI privilege log was sent to her counsel on November 22, 2013. On Friday, January 3, 2014, in an e-mail from Plaintiff's counsel to Defendants' counsel, Plaintiff for the first time identified the specific documents on that log that were of concern to Plaintiff. Rather than wait a reasonable time for Defendants to respond, on the next business day, Monday, January 6, 2014, Plaintiff filed the instant motion.

Plaintiff's conduct in filing this motion is particularly troubling given the fact that, over the course of discovery, Defendants have agreed to waive the attorney-client and other privileges applicable to documents sought by Plaintiff that were contained on the privilege log provided to Plaintiff regarding non-ESI documents. Significantly, Plaintiff raises no objection to any document contained on the current non-ESI privilege log in the Motion to Compel. There is simply no basis for Plaintiff to believe that the ESI privilege dispute could not also have been resolved without the need for motion practice. To the extent that plaintiff seeks to justify filing the motion because of the impending January 15, 2014 discovery cutoff, this merely serves to

highlight Plaintiff's inexcusable delay in not attempting to resolve the ESI privilege issues within a reasonable time after the log was sent to Plaintiff's counsel.

With respect to the specific log entries identified in the motion to compel, and as discussed below, Defendants have produced many of these documents, in whole or in part, during discovery and are willing to waive the privilege with respect to others, thereby leaving only a handful of documents in dispute. There is a sound basis to support the assertion of the attorney-client privilege for these remaining documents. These documents were all generated in connection with the request for, or receipt of, legal advice from Mount Sinai's in-house counsel, Marina O. Lowy, Esq. Plaintiff's fundamental premise in seeking production of these documents—the fact that Ms. Lowy is cc'd on a number of them renders them presumptively non-privileged—is a misstatement of the law. The mere fact that counsel is a "cc" on a document does not strip that document of its privileged status. Accordingly, the motion to compel an *in camera* review should be denied.

**FACTS**

A.   **Plaintiff's Delay In Attempting To Resolve Disputes
Regarding Defendants' Privilege Logs**

On July 18, 2013, Defendants provided Plaintiff with a privilege log for the hard copy documents[1] that were withheld on the basis of attorney-client privilege, work product privilege, and/or quality assurance privilege (the "First Privilege Log"). On August 22, 2013, Plaintiff's counsel sent a letter to Defendants' counsel objecting to certain entries on the First Privilege Log. On August 29, 2013, Defendants supplemented the First Privilege Log to, among other things, more clearly identify Ms. Lowy's title and role. Without any further communication from Plaintiff to Defendants regarding the First Privilege Log, on September 29, 2013, Plaintiff

---

[1] The July 18 privilege log did not include ESI discovery because Defendants were still in the process of gathering the over 20,000 documents demanded by Plaintiff.

made an application for an *in camera* review by the Court of all of the documents listed on the First Privilege Log. On October 7, 2013, the Court denied this application stating "[w]here the parties dispute the applicability of privilege, it is not appropriate simply to request that the court review in camera the entire universe of documents."

Thereafter, counsel for the parties had a number of communications regarding documents on the First Privilege Log. As a result of those communications, on October 16, 2013, Defendants, while continuing to assert that the contested documents were privileged, agreed to waive the attorney-client and/or quality assurance privileges applicable to thirty-one documents sought by Plaintiff in an attempt to resolve the dispute and to avoid burdening the Court with motion practice. *See* Exhibit 1, Declaration of Rory J. McEvoy ("McEvoy Decl.").

On November 22, 2013, Defendants provided Plaintiff with a second privilege log for documents from the ESI discovery review (the "ESI Privilege Log"). *See* Exhibit A to Declaration of Ronald J. Wronko ("Wronko Decl."). Despite the impending discovery cutoff, Plaintiff waited nearly a month, until December 19, 2013, the Thursday before Christmas, to raise any issues regarding the ESI Privilege Log. *See* Exhibit 2, McEvoy Decl. In his December 19 letter, Plaintiff's counsel referenced only one entry on the ESI Privilege Log and instead opted to rehash prior challenges to the First Privilege Log, which was served two months earlier and already addressed by Defendants in October. On December 30, 2013, Defendants' counsel responded to the December 19 letter and addressed each objection separately, including the single entry from the ESI Privilege Log that he identified. *See* Exhibit 3, McEvoy Decl. [2]

---

[2] In the December 30 letter, Defendants agreed to produce some additional documents from the First Privilege Log and continued to assert that others were privileged. In the motion to compel, Plaintiff specifically states that "[i]t is the items on the ESI privilege log that form the basis of this application." *See* Plaintiff's Memorandum of Law in Support, p. 2. Accordingly, Defendants will not address any objections to the First Privilege Log.

On January 2, 2014, Plaintiff's counsel sent an e-mail to Defendants' counsel incorrectly stating that the December 30 response did not address the objections to the ESI Privilege Log. *See* Exhibit 4, McEvoy Decl. Apparently, Plaintiff believed that Defendants were to assume she was challenging every entry on the ESI Privilege Log where Ms. Lowy was copied, despite the fact that her counsel's December 19 letter identified only one entry on that log. In response, Defendants' counsel asked Plaintiff's counsel to specifically identify the entries on the ESI Privilege Log that Plaintiff wanted Defendants to review. *See* Exhibit 4, McEvoy Decl. Plaintiff did not provide that list of 25 entries until Friday, January 3 at 4:30 pm. *See* Exhibit 4, McEvoy Decl. Apparently unwilling to give Defendants a chance to engage in a meaningful review of the 25 entries identified for the first time late on Friday afternoon, Plaintiff filed the motion to compel on Monday, January 6, 2014, without first calling or emailing Defendants' counsel to see if they would address these issues. Because of Plaintiff's failure to do so, the Court is unnecessarily burdened with discovery issues that should and could have been resolved among the parties.

**B.**   **Plaintiff's Objections To The ESI Privilege Log**

If Plaintiff had satisfied her meet and confer obligations, she would have learned that many of the documents identified in her counsel's January 3 e-mail were already produced in response to Plaintiff's objections to the First Privilege Log.[3] In addition, and in an attempt to resolve the dispute, Defendants are willing to waive the attorney-client privilege for certain other documents.

---

[3] As they were required to do, Defendants created two separate privilege logs, the First Privilege Log which contained privileged documents from the hard copy documents responsive to Plaintiff's document requests and the ESI Privilege Log which contained privileged documents retrieved using Plaintiff's search terms. Given the sheer volume of responsive documents from multiple sources, it was inevitable that there would be duplication of documents on both the First Privilege Log and the ESI Privilege Log. While Defendants attempted to avoid including documents on the ESI Privilege Log that were produced after initially being included on the First Privilege Log, a small number appeared on the ESI Privilege Log. If Plaintiff had not rushed to file her motion, this fact would have been clarified in short order after receipt of the January 3 e-mail.

The motion to compel concerns the following entries on the ESI Privilege Log: 13-16, 18, 19, 21, 28-30, 33, 35-36, 41, 47, 49, 50-54, 67-69 and 70.  Defendants have already produced a number of these documents:

**Entry No. 16:** Produced on October 16, at Bates Nos. D02828.

**Entry No. 18:** Produced, in part, on October 16, at Bates Nos. D02828.

**Entry No. 19:** Produced on October 16, at Bates No. D02828.

**Entry No. 29:** Produced, in part, on October 15, at Bates No. D_ESI003604– D_ESI003605 and D_ESI003080-D_ESI003083.

**Entry No. 30:** Produced, in part, on October 15, at Bates No. D_ESI00360- D_ESI003605 and D_ESI003080-D_ESI003083.

**Entry No. 35:** Produced on October 16, at Bates No. D02831 and May 3, at D01170 to D01174.

**Entry No. 36:** Produced, in part, on October 16, at Bates No. D02831 and on May 3, at D01170 to D01174.

**Entry No. 70:** Produced on October 16, at Bates No. D02189.

With regard to Entry Nos. 18, 29, 30 and 36, Defendants will waive any applicable privileges to the portions not already provided to Plaintiff and produce these documents in full. In addition, although Entry Nos. 15, 21, 28 and 67 fall within the attorney-client and/or work product privilege, Defendants will waive the applicable privilege and produce these documents again solely in the interest of resolving the dispute.  Therefore, the only remaining documents at issue are Nos. 13-14, 33, 41, 47, 49-54 and 68-69.

**Entry No. 13:** This email chain was originally withheld by Defendants on the First Privilege Log and was already the subject of a meet and confer with Plaintiff.  As previously advised, these emails are privileged because they seek information to allow Marina Lowy, Esq., Senior Associate General Counsel at Mount Sinai, to render a legal opinion as to the duty hour logging.

**Entry No. 14:** Duplicate of Entry No. 13.

5

**Entry No. 33:** Part of the email chain was previously produced on May 3, at Bates Nos. D02199 to D02202. The remaining portion consists of an email from Ms. Lowy rendering a legal opinion and advice as to how to handle a meeting with Plaintiff, which is privileged. Accordingly, Defendants will produce this chain with partial redactions.

**Entry No. 41:** Emails seeking legal advice from Ms. Lowy regarding federal laws on workplace safety based on an employee complaint, which is a privileged communication. Moreover, the subsequent email from Adrienne Jordan provides further context to the issue for which Ms. Lowy is asked to render a legal opinion and therefore, is also privileged. Defendants will produce this email chain with partial redactions.

**Entry No. 47:** Part of the email chain was previously produced on May 3, at Bates Nos. D00934 to D00935. The remaining portion consists of an email directly to Ms. Lowy asking for legal advice on issues relating to the Family and Medical Leave Act, which is privileged. Accordingly, Defendants will produce this chain with partial redactions.

**Entry Nos. 49-54:** These entries consist of six versions of the same email chain with varying responses from the custodians from whom the documents were gathered. The majority of this chain was previously produced on January 8, 2014, at Bates Nos. D03035 to D03038 and on October 16, at Bates D02839 to D02843. The remaining portions of the chain include an email from Ms. Lowy rendering legal advice to the decision-makers on how to handle Plaintiff's performance issues. These emails and the responses from these decision-makers regarding the next steps to be taken are covered by the attorney-client privilege. Defendants will produce this chain with partial redactions.

**Entry Nos. 68-69:** Email and attachment gathering information for Ms. Lowy to render a legal opinion regarding Plaintiff's performance issues. Defendants will produce the email with partial redactions, but will withhold the attachment under the attorney-client and work product privilege.

In sum, Defendants are only withholding three entries in whole and the rest will be produced in partially redacted form. Defendants have demonstrated a basis for withholding and/or redacting the communications identified above and there is no basis to burden the Court with an *in camera* review.

6

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED SHOULD BE DENIED BECAUSE THE DOCUMENTS THAT ARE THE SUBJECT OF PLAINTIFF'S MOTION WERE PROPERLY DESIGNATED AS PRIVILEGED

Plaintiff's fundamental basis for bringing this motion to compel is that Defendants cannot assert the attorney-client privilege as to documents on which in-house counsel is copied on the document. This assertion is contrary to the applicable legal standard.

While the elements of the attorney-client privilege are well-settled,[4] the determination of whether or not the attorney-client privilege applies to a particular communication requires a more nuanced inquiry. The attorney-client privilege protects "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice." *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 173 (S.D.N.Y. 2012) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). It is also "well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." *Id.* (citing *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441-42 (S.D.N.Y. 1995) (Francis, J.)).

In *TVT Records, Inc. v. Island Def Jam Music Grp., a Div. of UMG Recordings, Inc.*, 02 CIV. 6644, 2003 WL 749801, at *6 (S.D.N.Y. Mar. 5, 2003), the Court, in determining that the attorney-client privilege applied to a set of emails withheld by defendants, found that "to the

---

[4] "The [attorney-client] privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 173 (S.D.N.Y. 2012) (citations omitted)

7

extent the messages were not directed to or from counsel, they were at least copied to counsel for the purpose of allowing counsel to respond to ongoing developments with legal advice. As such, they are appropriately protected as privileged." *Id.* The Court explained that "documents may qualify as privileged because they consist of information [sent] to corporate counsel in order to keep them apprised of ongoing business developments, with the expectation that the attorney will respond in the event that the matter raises important legal issues." *Id.* (quotations omitted).

Applying these principles, Defendants designated Entry Nos. 13-14, 33, 41, 47, 49-54 and 68-69 as privileged in whole or in part. The fact that Ms. Lowy is, in some cases, included in the "cc" line of the email does not render this communication non-privileged as a matter of law as Plaintiff asserts in her moving papers. Instead, the context and purpose of the email is determinative. As discussed above, the portions of these entries withheld based on the attorney-client privilege fall into three categories: (i) the rendering of legal advice by Ms. Lowy (Entry Nos. 33, 49-54), (ii) a request to Ms. Lowy for a legal opinion (Entry Nos. 41, 47, 49-54) or (iii) the providing of information to Ms. Lowy to allow her to render a legal opinion about some ongoing issue (Entry Nos. 13, 14, 33, 41, 68 and 69). There can be no serious doubt that communications to and from Ms. Lowy (whether or not she is copied on a particular e-mail), or that provide information to Ms. Lowy, in connection with her rendering of legal advice regarding (i) resident responsibilities to log duty hours and the consequences of their failure to do so; (ii) how to handle the potential legal ramifications of a meeting with Plaintiff; and (iii) the manner in which to handle Plaintiff's numerous performance issues are privileged. Accordingly, these communications are protected by the attorney-client privilege and are protected from disclosure.

In any event, upon further review, Defendants have decided to produce several of these entries with partial redaction (Entry Nos. 33, 41, 47, 49-54 and 68) and are only completely

withholding two entries (Entry Nos. 13/14, and 69). Defendants' invocation of the attorney-client privilege for these documents is appropriate and Plaintiff's attempt to rely on the fact that counsel was merely a "cc" as the basis for the Motion to Compel should be rejected.

## POINT II

### PLAINTIFF'S MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED SHOULD BE DENIED BECAUSE AN *IN CAMERA* REVIEW IS UNWARRANTED AND A WASTE OF JUDICIAL RESOURCES

As this Court has recognized, an "*in camera* inspection is the exception rather than the rule...." *American S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Alcoa S .S. Co.*, 04 Civ. 4309, 2006 WL 278131 at *2 (S.D.N.Y. Feb. 2, 2006) (Francis, J.) (citing *Collens v. City of New York*, 03 CIV. 4477, 2004 WL 1395228 (S.D.N.Y. June 22, 2004)). *See also Davis v. City of New York*, No. 10 Civ. 699, 2012 WL 612794, at *6 n. 9 (S.D.N.Y. Feb. 27, 2012) ("*In camera* review of documents withheld on the ground of privilege is only conducted in exceptional cases.") (citation omitted). Plaintiff fails to demonstrate any exceptional circumstances warranting an *in camera* review.

In the motion to compel, Plaintiff implies a purposeful copying of in-house counsel on correspondence to insulate relevant communications from production. *See* Plaintiff's Memorandum of Law in Support, p. 5. Other than her idle speculation, however, Plaintiff has no basis for this nonsensical assertion. As discussed above, Defendants have not unreasonably withheld documents on the basis of privilege and have worked diligently, when given the opportunity, to address the objections asserted by Plaintiff, including the voluntary waiver of attorney client and/or quality assurance privileges in an attempt to appease Plaintiff's insatiable appetite for discovery. *See* Exhibit 1, McEvoy Decl. and *supra* at p. 3. Plaintiff's unfounded suspicion and surmise for requesting an *in camera* review of certain documents on the ESI

9

Privilege Log measured against Defendants' demonstrated history of attempting to satisfy

Plaintiff's legitimate (and not so legitimate) demands regarding those documents compels the

conclusion that the motion should be denied.

<u>**CONCLUSION**</u>

      For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

Motion to Compel an *in camera* inspection and production of documents designated by

Defendants as protected by the attorney-client privilege.

Dated: New York, New York               EDWARDS WILDMAN PALMER LLP
        January 13, 2014

                                           Rory J. McEvoy

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LEENA VARUGHESE, M.D.,

                Plaintiff,

    - against -

MOUNT SINAI MEDICAL CENTER, PATRICK
LENTO, M.D., CARLOS CORDON-CARDO, M.D.,
ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D. and
ABC Corp. 1-10, and JOHN DOES 1-10,

              Defendants.
_____

12 Civ. 8812 (CM) (JCF)

**AFFIDAVIT OF SERVICE**

| STATE OF NEW YORK | ) | |
|---|---|---|
| | ) | ss.: |
| COUNTY OF NEW YORK | ) | |

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is
not a party to this action; and that on the 13th day of January 2014, she caused a true and correct
copy of the foregoing MEMORANDUM OF LAW IN IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL AN IN CAMERA REVIEW AND PRODUCTION OF DOCUMENTS
DESIGNATED BY DEFENDANTS AS PRIVILEGED and REPLY DECLARATION OF
RORY J. McEVOY with exhibits annexed thereto to be served upon:

Ronald J. Wronko, Esq.
Law Offices of Ronald J. Wronko, LLC
Attorneys for Plaintiff
134 Columbia Turnpike
Florham Park, New Jersey 07932
973.360.1001

by filing same on the United States District Court, Southern District of New York's electronic
court filing system.

Sworn to before me this
13th day of January 2014

Notary Public

BETTINA WATERMAN
Notary Public, State of New York
No. 01WA6228418
Qualified in Queens County
Commission Expires September 20, 2014

Jean W. McLoughlin