```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
LEENA VARUGHESE, M.D.,                  : 12 Civ. 8812 (CM) (JCF)
                                        :
          Plaintiff,                    :      MEMORANDUM
                                        :      AND ORDER
     - against -                        :
                                        :
MOUNT SINAI MEDICAL CENTER, PATRICK     :
LENTO, M.D., CARLOS CORDON-CARDO,       :
M.D., and IRA J. BLEIWEISS, M.D.,       :
                                        :
          Defendants.                   :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiff Leena Varughese, M.D., contends that certain documents withheld by the defendants (collectively, "Mt. Sinai") are not protected by the attorney-client privilege, and seeks to compel their submission for in camera review. The motion is granted.

This motion concerns documents Mt. Sinai has withheld as privileged pursuant to its discovery review of electronically stored information ("ESI") -- specifically, documents for which Marina Lowy, Mt. Sinai's Associate General Counsel, appears as neither author nor addressee, but merely as a recipient who was copied (or, "cc'd"). (Plaintiff Leena Varughese's Memorandum of Law in Support of Motion to Compel In Camera Inspection and Production of Documents Withheld by Defendants as Privileged ("Pl. Memo.") at 2; Defendants' Privilege Log dated Nov. 22, 2013 ("ESI Privilege Log"), attached as Exh. A to Declaration of Ronald J. Wronko dated Jan. 6, 2014). When originally filed, 25 documents were at issue. (Pl. Memo. at 2-3). Since that time, Mt. Sinai has

1

identified certain of these documents that it has already produced, and offered to waive privilege with respect to certain previously redacted or withheld documents (Memorandum of Law in Opposition to Plaintiff's Motion to Compel an In Camera Review and Production of Documents Designated by Defendants as Privileged ("Def. Memo.") at 5); Dr. Varughese has withdrawn her objection to the assertion of privilege for certain others (Letter of Ronald J. Wronko dated Jan. 15, 2014 ("Pl. Reply"), at 1).  The documents (or portions of documents) at issue are entries 13-14 (one of which is a duplicate of the other), 41, 49-54, and 68-69.[1]  (Pl. Reply at 2; Def. Memo. at 5-6; ESI Privilege Log at 4-5, 13, 16-18, 25).

Traditionally, the attorney-client privilege applies:

---

[1] Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, when discovery is provided after the filing of a motion to compel, the party bringing the motion is generally entitled to its expenses incurred in bringing the motion, with certain exceptions.  One of those exceptions arises when the moving party files the motion "before attempting in good faith to obtain the . . . discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).  That is precisely what happened here.  Plaintiff's counsel identified 25 allegedly problematic documents from the ESI Privilege Log on Friday, January 3, 2014, and asked counsel for Mt. Sinai to "revisit" them to determine "whether the subject matter was legal advice."  (E-mail chain dated Jan. 3, 2014, attached as Exh. 4 to Declaration of Rory J. McEvoy dated Jan. 13, 2014, at 1).  This motion was filed on Monday, January 6, 2014, apparently before any response from Mt. Sinai.  It is plain that the motion was filed before there could be a "'live exchange of ideas and opinions'" in an attempt to resolve the dispute without court intervention.  Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998) (quoting Soto v. City of Concord, 162 F.R.D. 603, 623 (N.D. Cal. 1995)).  Although this failure to meet and confer in good faith is sufficient reason to deny a motion to compel, given the "temporal exigencies" of the situation and the likely futility of any further negotiation between the parties, I will address the dispute on the merits.  See id. at *3.

> "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived."

<u>United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO</u>, 119 F.3d 210, 214 (2d Cir. 1997) (quoting <u>In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983</u>, 731 F.2d 1032, 1036 (2d Cir. 1984)); <u>accord</u> <u>United States v. Daugerdas</u>, 757 F. Supp. 2d 364, 369 (S.D.N.Y. 2010).  The party invoking the privilege bears the burden of "establish[ing] those facts that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions."  <u>In re Grand Jury Subpoena Dated January 4, 1984</u>, 750 F.2d 223, 224-25 (2d Cir. 1984) (citations omitted) (internal quotation marks omitted); <u>accord</u> <u>William A. Gross Construction Associates, Inc. v. American Manufacturers Mutual Insurance Co.</u>, 262 F.R.D. 354, 360-61 (S.D.N.Y. 2009).

The question of the status of these communications is complicated here by the fact that the attorney involved is in-house counsel.  Because in-house counsel often serve as business advisors within a company, it is important to distinguish between communications serving primarily a business function, which are not protected, and communications made for the purpose of seeking legal advice.  <u>See</u> <u>Assured Guaranty Municipal Corp. v. UBS Real Estate Securities Inc.</u>, No. 12 Civ. 1579, 2013 WL 1195545, at *9 (S.D.N.Y.

March 25, 2013) ("[C]ommunications between businesspeople and in-house counsel are not automatically shielded from discovery."); Spread Enterprises v. First Data Merchant Services Corp., No 11 CV 4743, 2013 WL 618744, at *2 (E.D.N.Y. Feb. 19, 2013) ("While the law is clear that the privilege may attach to communications between a company's employees acting on behalf of the company and in-house counsel, the need to apply it cautiously and narrowly is heightened in the case of corporate staff counsel, lest the mere participation of an attorney be used to seal off disclosure." (internal quotation marks omitted)); Complex Systems, Inc. v. ABN AMRO Bank N.V., 279 F.R.D. 140, 150 (S.D.N.Y. 2011) ("Communications that principally involve the performance of non-legal functions by an attorney are not protected.  Moreover, even if a business decision can be viewed as both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved." (citation omitted) (internal quotation marks omitted)).

The issue is further muddled by the fact that in-house counsel is merely copied on these communications.  Certainly, cc'ing an attorney on a communication does not automatically shield it from disclosure.  In re Grand Jury Proceedings, No. M 11-189, 2001 WL 1167497, at *24 n.41 (S.D.N.Y. Oct. 3, 2001) (citing United States Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994)).  However, neither is it fatal to the claim.  See Aristocrat Technologies Australia Pty Ltd. v. International Game Technology, No. C 06-3717, 2011 WL 1158781, at

4

\*3 (N.D. Cal. March 29, 2011) ("Although copying [counsel] may not be sufficient to support the assertion of privilege, it is also not fatal to the assertion."); In re New York Renu With Moistureloc Product Liability Litigation, No. MDL 1785, 2008 WL 2338552, at \*10 (D.S.C. May 8, 2008) (stating that "a 'cc' to an attorney can qualify for the privilege"); TVT Records, Inc. v. The Island Def Jam Music Group, No. 02 Civ. 6644, 2003 WL 749801, at \*6 (S.D.N.Y. March 5, 2003) (finding that communications "copied to counsel for the purpose of allowing counsel to respond to ongoing developments with legal advice" are privileged).

These concerns counsel in favor of reviewing the documents in camera. Indeed, in the principal case that Mt. Sinai cites in opposition to the plaintiff's request for such review, the court resolved the disputes over privilege after reviewing the documents at issue. See TVT Records, 2003 WL 749801, at \*1 ("[A]fter reviewing the documents in camera, this Court made document-by-document rulings . . . ."); see also Spread Enterprises, 2013 WL 618744, at \*1 (noting that court engaged in in camera review); Complex Systems, 279 F.R.D. at 145 (same); Banks v. Office of the Senate Sergeant-At-Arms, 228 F.R.D. 24, 25 (D.D.C. 2005) (same); In re Grand Jury Proceedings, 2001 WL 1167497, at \*1 (same).

Therefore, within three days of the date upon which the current stay of discovery is lifted, the defendants shall submit copies of the documents still at issue in this motion. If any of those documents have been produced to the plaintiff in redacted form, the defendants shall provide me with both redacted and

5

unredacted copies of the documents.  I will then rule on whether some or all of the documents are protected by the attorney-client privilege.[2]  This resolves the motion filed as Docket no. 97.

SO ORDERED.

*[signature]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           January 31, 2014

Copies mailed this date:

Ronald J. Wronko, Jr., Esq.
Law Offices of Ronald J. Wronko, LLC
134 Columbia Turnpike
Florham Park, NJ 07932

Rory J. McEvoy, Esq.
Julie L. Sauer, Esq.
Edwin Larkin, Esq.
Edwards Wildman Palmer, LLP
750 Lexington Ave.
New York, NY 10022

---

[2] Mt. Sinai claims that one of these documents -- entry 69 -- is work product.  (Def. Opp. at 6; ESI Privilege Log at 25).  I will therefore evaluate that document under the work product doctrine.