UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

LEENA VARUGHESE,

        Plaintiff,

  -against-                              12 Civ. 8812 (CM)

MOUNT SINAI MEDICAL CENTER,
et al.,

        Defendants.

------------------------------------------------x

## ORDER RELIEVING COUNSEL

McMahon, J.:

      For the second time, Attorney Ronald J. Wronko has moved to be relieved as counsel to plaintiff in this employment discrimination/retaliation case against Mt. Sinai Medical Center. The last time he moved, I was able to effect a reconciliation of sorts between lawyer and client. This time that will be impossible. The record assembled by Mr. Wronko – and accreted by Dr. Varughese – demonstrates beyond peradventure that the attorney-client relationship has broken down irretrievably. Furthermore, in her submission, (which, like Mr. Wronko's, I have filed under seal, since it contains privileged material), Dr. Varughese makes it quite clear that she is no longer interested in being represented by Mr. Wronko; indeed, she asserts, "I cannot trust him to do [sic] advocate for me in my best interest....therefore, I would ask that Mr. Wronko be relieved." (Varughese Letter, page 13.)

      I thus grant the motion and relieve Mr. Wronko effective immediately.

      Mr. Wronko plans to seek the imposition of an attorney's lien on the file pursuant to New York's Judiciary Law § 475; he has not yet made his formal application. Dr. Varughese, accusing her former attorney of violating his fiduciary duty to her, preemptively opposes that request and asks that Mr. Wronko be forced to reimburse her in the sum of $15,000.

      After carefully reviewing the submissions of both parties and considering the entire history of this case, I cannot agree with Dr. Varughese's characterization of the events that have led us to this unhappy day. Mr. Wronko has put up with a very great deal from a very trying client. He has attempted to get the case ready for trial, exercising his informed professional judgment in difficult circumstances, on behalf of an uncooperative client who believes she knows how to handle her case better than he does. Mr. Wronko has expended a great deal of time and effort on this file; there is absolutely no basis in the present record on which to forbid

Copies mailed/faxed/handed to counsel on 2/21/14

him from applying for imposition of the lien to which the law presumptively entitles him, and certainly no basis for requiring him to refund Dr. Varughese's retainer fee.

Dr. Varughese has 60 days to retain new counsel, or she will be required to finish trial preparation, respond to any dispositive motions made by Defendants, and take the case to trial (assuming it survives dispositive motions) herself. All deadlines previously imposed are extended by 80 days. I understand that Dr. Varughese has visited the Pro Se Office and filed a notice of appearance; she is expected to register so that she can use the ECF system for filings and notifications if she intends to proceed pro se, and she should notify chambers by communicating through the Pro Se office.

The Clerk of the Court is directed to remove the motion at Docket No. 113 from the Court's list of active motions.

Dated: February 21, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

BY FIRST CLASS MAIL TO:

    Leena Varughese, M.D.
    904 River Road
    Piscataway, NJ 08854