Leena Varughese , M.D.
904 River Road
Piscataway, NJ 08854
Email: leenav@gmail.com
Ph: 908-265-7536

The Honorable Colleen McMahon
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>**via ECF**</u>

 <u>Re: Varughese v. Cordon-Cardo, Bleiweiss, Lento, Firpo-Betancourt, and Mt. Sinai Medical Center</u>

Dear Judge McMahon,

I, Leena Varughese am the Plaintiff in the above referenced case against Carlos Cordon-Cardo, Ira Bleiweiss, Patrick Lento, Adolfo Firpo-Betancourt, Mount Sinai Medical Center, John Does (1-10), and ABC corporation (1-10), collectively known as "Defendants". I am in receipt of the recent request by the Defendants to seal several documents filed in connection with the motion for summary judgement by the Defendants (Exhibit 1, without the documents in question).

In most discrimination cases, the inference of discrimination is gleaned from the details of the Defendants' conduct towards the Plaintiff, the disparate treatment of the Plaintiff, which is what amounts to circumstantial evidence only available **on careful review** of the details within documents submitted into evidence. The documents that the defense seeks to seal are required by me for responding to summary judgement motion according to the burden shifting framework laid out by landmark Supreme Court cases in <u>McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)</u> and <u>Texas Dept. of Community Affairs v. Burdine 450 U.S. 248 (1981).</u>

The "[a]ccess to written documents filed in connection with pretrial motions is particularly important in the situation . . . where no hearing is held and the court's ruling is based solely on the motion papers." In re New York Times Co. 828 F.2d 114 (2d Cir 1987). The countervailing concerns, i.e., privacy concerns have difficulty overcoming this right to public access to courts where "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 119 (2d Cir. 2006) and the documents in question go to the heart of the judicial process and is expected to play a central role in this case. As a judicial document, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." Joy v. North, 692 F.2d 880, 893 (2d Cir.1982). "As a matter of law, then, we hold that the contested documents — by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment — are unquestionably judicial documents under the common law." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 123 (2d Cir. 2006).

The second district court has held repeatedly that the common-law access right and broad protections of the First Amendment right allow public access to summary judgment motions and documents relied upon in adjudicating them, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006), pretrial motions and written documents submitted in connection with them, In re New York Times Co., 828 F.2d 110, 114 (2d Cir. 1987), and docket sheets, Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004).

I object to the sealing of the documents pertaining to comparator performance and inherently relevant to my case from being sealed.

Respectfully,

*Leena Varughese*

Leena Varughese, M.D.

# Exhibit 1



EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy
Partner
+1 212 912 2787
*fax* +1 212 308 4844
rmcevoy@edwardswildman.com

July 25, 2014

**VIA FACSIMILE**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1640
New York, New York 10007

    Re:    Varughese v. Mount Sinai Medical Center, et al.
             Docket No.: 12 Civ. 8812 (CM) (JCF)

Dear Judge McMahon:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai") and the individual defendants (collectively "Defendants"), I write to request the Court order the following documents be filed under seal: (i) a final warning issued to Paul Azar, M.D. and (ii) an academic advisement issued to Jonathan Yao, M.D. The reason for this request is that these documents contain confidential information, namely, information regarding the discipline and academic advisement issued to two physicians who are not parties to the litigation. Filing these documents on a public forum would be an invasion of their privacy. Copies of these documents are attached for the Court's review.

These two documents are referred to in Defendants' motion for summary judgment and would be attached to Exhibit 6 of the Declaration of Rory McEvoy (Firpo Tr., Ex. 3 and Ex. 4 (Day 2)). These documents were not filed on the Court's electronic court filing system yesterday when Defendants filed their motion for summary judgment. Instead, Defendants filed a blank page for both documents, which stated "Defendants will request that this exhibit be filed under seal." Accordingly, Defendants respectfully request that the Court issue an order that these documents be filed under seal.

Respectfully submitted,

Rory J. McEvoy

Attachments

cc:    Leena Varughese, M.D. (via email with attachments)
        *Pro se* Plaintiff

BOSTON • CHICAGO • HARTFORD • HONG KONG • ISTANBUL • LONDON • LOS ANGELES • MIAMI • MORRISTOWN
NEW YORK • ORANGE COUNTY • PROVIDENCE • STAMFORD • TOKYO • WASHINGTON DC • WEST PALM BEACH