Leena Varughese, M.D.
904 River Road
Piscataway, NJ 08854
Ph: 908-265-7536
Email: leenav@gmail.com

February 13, 2015

The Honorable Colleen McMahon
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**via ECF**

Re: Varughese v. Mount Sinai Medical Center et al. (12 civ. 8812 (CM)(JCF))

Dear Judge McMahon:

I am the Pro Se plaintiff in the above referenced lawsuit against Mount Sinai Medical Center, Carlos Cordon-Cardo, Ira Bleiweiss, Adolfo Firpo-Betancourt, and Patrick Lento, collectively referred to as the "Defendants".

The scrutiny of employment practices for any organization is likely to induce anxieties, especially for a very discriminatory racist sexist organization like Mount Sinai Medical Center with a long record of destruction of minorities employment prospects through discrimination, intimidation, sabotage, and retaliation. The Defendants submitted a request to the court to seal specific documents from the docket. The court did not await a response from me, but these documents were sealed within hours, as well as the additional documents that were part of the data file containing these documents were also sealed[1].

I am the victim of the Defendants bigoted racist sexist rage that is always brimming just microns from the surface and it's ever present in their past and present leadership and the continued affiliations such as Drs. Alan Schiller, John Fallon, Melissa Pessin-Minsely, Carlos Cordon-Cardo, Patrick Lento, Adolfo Firpo-Betancourt, Kenneth L. Davis, Dennis Charney, Michael Marin, Ira Bleiweiss, Harold Bronheim, Melissa Rocco, Gila Leiter, Arthur Figur, Ira Nash, Scott Barnett, Madeline Fersh, and others such as Marina Lowy, Amelie Trahant, Michael MacDonald,

---

[1] www.pacer.gov, the access to the case records show documents are "restricted", rather than sealed

Paul Johnson, and Caryn Tiger-Paillex. These are not individuals who are guided by ethical or professional integrity in their decision making but rather with what immediately benefits them and allows them to continue within profitable systems of institutionalized discrimination that ensure their reign, their reputation, and their fat paychecks. It's the expression of their bigotry, the hostile work places that they can and do create for minorities such as myself, and the discriminatory retaliatory actions that they take against minorities that are inherently dangerous to the productivity and financial futures of professional degreed minorities, such as myself or for example, Drs. Arta Lahiji and Sarah Blowe, and the countless other minorities at Mount Sinai Medical Center that the Defendants have harmed because of their racism, sexism, and inherently discriminatory conduct.

I also directly contest the lip service on diversity promulgated by the Defendants, the CEO Kenneth L. Davis, MD on various websites touting his and the Defendant's diversity. Real diversity is not the mere lip service that the Defendants so easily fake with their appearance on various websites and their memberships to non-governmental organizations such as the Aspen Institute that help the Defendants to cover up the real practices of discrimination against minorities at the Institution where he works. The third party reports on diversity and the importance of diversity and equal employment opportunities to repair illegal discrimination practices are at the same time touted by known discriminators to avoid any scrutiny of their own unequal employment practices that harm minorities as Mount Sinai Medical Center rakes in billions in federal dollars. Their purported support of diversity are just mere tricks that do not respond satisfactorily to questions of lack of diversity and the lack of meritocratic systems, and the fact of the matter remains that the lack of diversity will not be addressed until there are significant removal of the status quo at Mount Sinai Medical Center such as Davis, Charney, Cordon-Cardo, and Marin from leadership, Caryn Tiger-Paillex from the Director of Human Resources position, and the Board of Trustees begin to at least attempt to be representative of diversity or they entirely refrain from the day to day operations of personnel matters such that the Board of Trustees remain out of Physician Wellness Committees, Quality Control and Quality Assurance committees on patient harm, and so on, and these committees consist of a collaboration of non-minorities and minorities who maintain a professional independence from their bosses as professional medical doctors, i.e. Julide Celebi, M.D., Michael Donovan, M.D., Adolfo Firpo-Betancourt, M.D. or Bonnie Davis, M.D. would not be candidates.

The promotions based on unprofessional sordid self-interests of Caucasian male supervisors lead to promotion of women such as Julie Celebi, M.D. or Adrienne Jordan, M.D. creating unprofessional hostile work environments with unequal access to employment opportunities for minorities and the Defendants systemically design lack of diversity that only benefit the Caucasian men. On the contrary, real diversity would not attack the well-being and prosperity of a diverse group of minorities and individuals such as myself, there would be no secret false allegations made against women of color including myself, if there was real diversity there would be no tolerance for interfering with my employment opportunities, the Defendants would never have labeled me unprofessional, they would not have fabricated that the appropriate management of patient cases was a "lapse", the Defendants would not repeatedly hire and

promote women and men who harass, target, and destroy the work and career of minorities, they would not tolerate and fan racial gender animus and paranoia amongst themselves as a politically viable institutional practice, they would not use racism and sexism to hide their own failures, they would not blame, humiliate, and harass minorities for problems created by themselves to benefit themselves, and most certainly, the involvement of individuals who attack minorities would not spell increased pay grades, promotions, and showy titles to further empower harassers.

I will briefly discuss a few of the allegations of the Defendants with regard to the documents that they want sealed[2]. The Defendants were ordered by the court to produce the citations by ACGME[3] against the Defendants. The Defendants claimed that their response to ACGME citations have not been produced yet, and so it should be produced if the Defendants believe that it provides a fuller picture and that it would help them meet their burden of production, which they have not met in any meaningful manner in this case to sustain their allegations of no discrimination, retaliation, or harassment against me or their motion for summary judgement, or for that matter to successfully contend against me on my causes of action. During Dr. Adolfo Firpo-Betancourt's deposition, he alleged that all of the new policies that were implemented were related to the ACGME complaint, even though, that does not make any logical sense. If the court takes a moment to review the ACGME citations against Mount Sinai Medical Center's Department of Pathology, the citation is exclusively directed at problems related to the operation of the residency program and the work environment. The document is produced by ACGME after extensive review of a number of sources of information, and it is the direct evidence of various ongoing problems, including many of which the Defendants used against me, such as their targeting me for termination of my employment for simply following up with schedule change requests to ensure appropriate exposure to pathologist practices or for my attending appropriate conferences for my professional level as a fully licensed New York State Medical Doctor or for their not informing me in a timely manner of any alleged performance issues to be corrected.

Also, if this ACGME citations document, which is about 4 years in the past now, is of any relevance for the organization, it's difficult to consider without knowing more information, it's implausible that this document is in anyway consequential to them now. If they want some sympathy, try being terminated from their employment after being harassed and attacked at work, set to arbitrary standards, be constantly harassed by men like Lento, Schiller, Figur, or Firpo-Betancourt, try not having a place to live and no money to pay the bills because they actually could not and did not run a residency properly. If we are to believe that there are any consequences for actual poor performance, unprofessionalism, and professional misconduct, the Defendants should be out of work. Instead, once again, even in this environment of rampant failures, the only people who are affected and scapegoated are minorities such as myself, other minority women such as Dr. Sarah Blowe, and a new mother who was not supported, and we

---

[2] Please refer to Defendants Dk. Entry No. 205 for the references to the pages that they wanted sealed

[3] ACGME is Accreditation Council of Graduate Medical Education

women have each expended hundreds of thousands of dollars on our own medical education and professional careers, and we made extensive intellectual and personal investments and sacrifices into our career, but we are not white enough or male enough or engaged in some sordid quid pro quo relationships with some predatory males, no thank you, we deserve to have legal protections from these arbitrary unprofessional standards and the real life existential threats to our hard earned futures, our prosperity, and the enfranchisement of our children and our families. Therefore, if they want to go on about relevance, how about having their employment opportunities disappear like how my own employment records had as a matter of direct relevance to employment that was not provided, and then, later I am deemed "unsatisfactory" in competencies that I excelled at by some bigots, or how about not being able to take advantage of medical licensure or board certification exams despite completion of 3+ years of residency in such a disgusting hostile workplace.

The September 20, 2011 letters about Julide Celebi, M.D. are not private or confidential matters as they are bragging among men about whatever nonsense such as their girlfriends or whatnot, and not only that, Celebi was hired as a full professor into two different Departments at Mount Sinai Medical Center, when my own employment was terminated on alleged lofty competency of unprofessionalism. These letters are the direct evidence of unprofessional conduct by the Defendants. The Defendants have placed professionalism expectations by Carlos Cordon-Cardo at issue and they have also placed the Institution at risk by hiring women like Julide Celebi, M.D. rather than promote or hire women without personal romantic quid pro quo relationships with their Caucasian male supervisors. These are not professional standards to which other men or women can compete with on a meritocratic level and it's not conducive to a professional environment or professionalism and these favorable treatment of Celebi by the Defendants show Institution wide discriminatory conduct. Celebi is not alone in this, rather Drs. Michael Donovan, Adolfo Firpo-Betancourt, and Mr. Olivier Saidi are beneficiaries of arbitrary professional standards on which they were hired as well based on friendships and overinflated self-laudatory nonsense to one another[4].

The communications of Jordan regarding her various personal issues were made to third parties with whom she had no reasonable expectation of privacy, Jordan is not a minor, she was taken at face value by the Defendants, she is given time off from work for her alleged ever evolving illnesses, her absence for other people's issues, her dog, etc... that was an ongoing trend, and Jordan made outright criminally false claims against me, and she was deemed by the court to be afforded the attorney client privilege for her questions directed to legal counsel, Marina Lowy. Jordan is a party to the litigation as part of the Defendant Institution, and the Defendant's mentalities are at issue in these communications that surround Jordan in which she is given preferential treatment, and the lack of appropriate follow up. Suddenly, Mr. Rory McEvoy decided to do a 180 degree turn and he has stated to the court that Jordan is not part of the litigation, which is intentionally false and intended to mislead the court.

---

[4] More irrelevant documents that I did not submit such as laudatory outrageous emails to one another from Saidi to Firpo-Betancourt.

The documents pertaining to Dr. Jaclyn Hechtman and Jordan being out of work for several days is at issue because it once again goes to the accommodations made for Caucasians, and it once again goes to the mindset of the Defendants who were attacking me and informing me to not discuss my concerns or whistleblow on issues of alcohol use at work, unprofessional conduct, harassment, and so on.  During this period of May 2011, Cordon-Cardo and Lento were vehemently attacking me personally, forced me to rewrite my own account of events and experiences related to the events of December 2010 where I was attacked by Jordan and McCash at work, and the Defendants explicitly ignored my whistle-blowing on alcohol use and the erratic conduct and behavior at workplace of my white coworkers such as Jordan and McCash, and the Defendants explicitly requested that I not report the alcohol use at work by Jordan and McCash.  The conduct by Defendants also shows direct disparate treatment in routinely allowing time off from work of multiple days to Jordan who has a record of ongoing absences and it's not to be hidden or sealed to protect her reputation, just because the Defendants value her over me, a minority woman, which is not because she is professional or more competent, but because she is just as racist, sexist, and conveniently bigoted as the Defendants and she supports their agenda from which she has benefited, so let's throw all sorts of professionalism and integrity and caution to the wind for Mount Sinai Medical Center so they can keep paying her off for her support, I think not!  Lento, Cordon-Cardo, and other supervisors who had knowledge of this incident did not mandate a toxicology screen given the circumstance and the involvement of not just Hechtman, but also of Jordan in this situation, as well as other situations at work, and these Caucasian doctors who were outside of my protected class were not subject to evaluation by Physician Wellness Committee to ensure that they were not a threat to the Hospital's patients.

The court never agreed to seal any documents as of July 28, 2014, and I had immediately challenged the request because sealing these documents offer an unfair advantage to the Defendants by limiting the public access to court documents.  The documents relating to Paul Azar, M.D. and Jonathan Yao, M.D. are of minimal privacy infringement.  The Defendants have not demonstrated any reasonable consequence associated with the documents and nor are these documents about these doctors, rather it once again goes to the mindset and actions of the Defendants.  The Defendants' attorneys do not represent Azar, Yao, Blowe, or Hechtman, all of whom no longer even work for the Defendants.

The documents relating to Dr. Sarah Blowe again speaks to the mindset of the Defendants and their conduct towards a minority woman, as opposed to a white male doctor with "habitual" issues and Yao with his own issues.  It broke my heart to see how the Defendants treated Blowe and I am livid because it's hard for me to believe Dr. Alexander Polydroides' report against Blowe.  I have personally observed him be very derisive towards other minority women, and for whatever reason, likely these reasons were not professional, he was hired with special exceptions such as not covering call or even having to do any intra-operative consultations etc, and he just has a terrible attitude, in my opinion, so whatever, I know the issues or allegations against Blowe does not make sense.  I was not impressed with his diagnostic acumen either, so no, I will never sent any gastrointestinal biopsy to him for a diagnosis.

The documents that I submitted to the court were with the sole purpose to provide evidentiary support to the Plaintiff's Rule 56.1 statements using admissible evidence that is relevant and topical to the issues in this litigation. I know that the legal basis for the reasons for citing the documents were legally correct, and in the context of litigation, these documents play a critical role in demonstrating support or providing direct evidence for the causes of actions against the Defendants. One, the Defendants submitted the request to seal the documents and in the process they submitted additional arguments about two weeks after they had submitted their response, and as such, their arguments should be entirely disregarded by the Court. For example, another extension that I had requested from the court that was denied, which would have made a difference for me to respond to the court with further topical legal filings, but unlike Mr. McEvoy I have refrained from additional submissions and requests.

The Defendants ongoing attempts to get third and fourth bites of the apple, weeks after their designated response date is unacceptable. For example, I requested that I be allowed to meet with the court regarding very serious issues related to my case but it was denied. I don't have a lawyer for very good legal reasons, as the court is aware, but would that meeting if requested by a good lawyer have been granted, likely. I don't want the court to give increased heed to Mr. McEvoy simply because he is a lawyer or take him at his word, because he is not very credible, and the court can deduce the evidence in this case, it's overwhelmingly in my favor, and the court should be asking why Mr. McEvoy and the Defendants ever thought that they should litigate this case.

Additionally, I have taken issue with the aspersions being cast at me by the Court. I find it inexcusable that the court saw the Defendants' request to seal the document as an opportunity to opine against me for submitting documents in two days. This sort of thing where Your Honor had directed various aspersions to me has occurred several times already, and I don't deserve to be at the receiving end of these shady characterizations. I have already mentioned this previously to Your Honor, and now it has happened again, I blamed one of Your Honor's clerks but whatever the situation or circumstances, it's disrespectful, so please stop this disparate practice. The Defendants were still collecting evidence as of their due date to file their Motion for Summary Judgment, which in my opinion, was entirely gratuitous, nonsense, and irrelevant so that they can add inadmissible tallies of minority women whom they purport to hire and then, graciously didn't fire, is that what they were trying to put across, seriously, how much plantation politics am I, as a minority, supposed to tolerate from these imbeciles? Also, in spite of the extension given to them, after their Motion for Summary Judgement was due, the Defendants needed several days to submit their documents. Third, most of the delays in this litigation were related to the Defendants and their ongoing deleterious intentions to sabotage the case, which is in the same vein of illegal discrimination, retaliation, and hostile conduct that led to this litigation in the first place. So, it goes without saying that I think it was the Defendants who fundamentally changed the original and the latter case management plans to facilitate all their redactions and their removal of comparator documents from the record, including the removal of over 5000 documents from information procured from the Electronically Stored Information.

I suppose the Defendants left the choice ones in the discovery that they probably thought they could remove from the admissible evidence pool. This fact alone make me wonder what is relevant evidence, and would my submitting documents about Alan Schiller's personal interests to find his dentist son, Robert a residency in extremely competitive Anesthesia Residency for Medical doctors have been more topical and relevant? How about Melissa Pessin-Minsely personally scouting for a residency position at Mount Sinai Medical Center for her cousin? We can all agree that these documents would not be topical or relevant to my causes of action against the Defendants, and since there is limited purpose to my submitting these as evidence with this letter, other than to prove myself right, I will refrain from doing so even though it would nicely demonstrate the lofty ambitions of my Caucasian supervisors that literally can cross entire degree genres between medicine and dentistry that normally would present a barrier to entry into a professional field or bump a cousin to the top of a list. I am sure they are going to be seething about this issue too, but it takes very little to set off their self-righteous indignation and anger. To compare that to my situation, I cannot even obtain a single job as a medical doctor for which I was actively sought because of the Defendants actions, and no one wants me to be emotional, speak about this issue, advocate for myself, or even solicit appropriate legal action through legal means, why? Because I am a woman of color, a minority, a woman of Indian descent, because a bunch of Caucasians hate me, it's justified enough that I am not successful or treated with simple human dignity or respected, is that it? In fact, I am not going to refrain from submitting irrelevant inadmissible evidence just to demonstrate that we all get what constitutes irrelevant and inadmissible evidence. (Exhibit 1). This is the garbage they would rather provide in discovery, rather than provide the relevant documents that I requested that I know exist.

I also want to point out to the Court that I am working with very limited experience, and that my performing my own tasks actually spares the United States Southern District New York Federal Court from overwhelming and inundating secretarial tasks, and that there is a serious learning curve related to submitting and filing documents, a lot of which I just learned and I am still learning, and that I had to spent considerable amount of time to even determine what might be the best way to submit all the documents, in addition, to what would constitute admissible evidence. If I were not submitting my own documents electronically, the court can most certainly expect that I would be spending many hours in the court itself. Therefore, all of the criticisms directed at me is totally unfair, especially when the Defendants have an entire law firm to submit their documents and it took them a couple of days too, because it is inherently challenging to file documents and papers. The Defendants requested to the court, about two weeks after their prior submissions, that the court seal documents for a variety of spurious reasons, and they have taken issue with simple documents that is not in any way interesting other than it provides admissible evidence of discrimination, and these directly examine the mindset of the Defendants.

Mr. McEvoy's request to seal the documents was inappropriate and his attempt to make additional arguments in favor of the Defendants, weeks past their filling dates should be ignored by the court. For example, Mr. McEvoy's contentions about the relevance or non-relevance of

the document, "personal" issues, and other assertions made with the request should be ignored, it's not appropriate for him to carry on with these contentions with his request to seal the document. I don't view the evidence that raises the issue of the Defendants mindset having anything to do with the privacy of my former coworkers because that time has long since passed, and the Defendants have not demonstrated any real consequences or damages as a direct result of the documents that were sealed or "restricted". Even more importantly, court documents are part of the public record, and as such, the courts have a constitutional duty to maintain the transparency of the court and the filings are to be made accessible to the public, and the right of access to court documents is an essential component of my own rights as a litigant.

The privacy concerns of various residents who have since their final days of employment with the Defendants have either refused to return to Mount Sinai Medical Center such as Dr. Sarah Blowe or those who have left Mount Sinai Medical Center such as Drs. Jonathan Yao or Paul Azar are minimal. The facts at issues are the details of actions and conduct of Defendants, and any scrutiny of their conduct should be taken in light of how the Defendants handled these situations, and in my opinion, the the Defendants conduct towards Sarah Blowe was unacceptable and reeks of direct illegal discriminatory conduct, much like their actions towards me. Yao and Azar enjoyed apparently very favorable treatment, entirely unlike how the Defendants behaved towards me or Blowe. Everyone other than myself and Blowe has moved on, and they are currently successful in either their own independent professional practices as medical professionals using their pathology residency and medical education or as part of larger hospitals providing direct patient care. Any concerns of the Defendants conduct having any effect on their former employees are totally improbable, compared to the tangible direct consequences for individually named Defendants.

The ongoing attacks against me by the Defendants and the lack of any relief by the court from their conduct to advance myself financially and professionally is an utter failure, but I am ready for a change on this matter. At the July 2013, meet and confer, Mr. McEvoy explicitly stated that there was "no performance issue(s)" to Magistrate Francis. In fact, all of the discovery simply proves that there was no performance issue, professionalism issues, or any other issue with me. In my case, the actions against me by the Defendants have nothing to do with my actual performance or my employment record, that the Defendants also intentionally ruined by defamatory damaging allegations against me and my career, and over hearsay and unverified allegations by these racist sexist bigots against me that also included breaking into my apartment, in addition, to their terrorizing me at work. I am unsympathetic to the Defendants on a fundamental level as their contentions against me and my career inherently devalues me, the importance of my education and my career as a minority, as a woman of color, my value as a professional medical doctor is marginalized, their conduct towards me has destroyed my life and my productivity, and their concerns of privacy are moot, as it is outweighed by the public's right to court documents. My right to privacy has been outweighed by the need to file this lawsuit, publish the records, the derisive commentary, hearsay, false allegations, and attacks on my personality that have to be submitted to the court because it's represents the evidence of discrimination. In light of my losses and disparate treatment towards me, documents providing

evidentiary proof in admissible forms are not to be hidden from the court records. I demand that any documents that were sealed are immediately unsealed and unrestricted.

Finally, the court should adjudicate an immediate injunction, declaratory relief, and compensatory relief for me to stop the harm that had occurred to me and to prevent any further harm from being incurred by me. I am of the opinion that minorities who work for these despicable discriminators constantly face the threat of being attacked, have their careers destroyed, and being subjected to willy nilly demands at the whim of bigots, for no other reason than because of being targeted for race vis a vis national origin and/or gender, and for engaging in protected legal activities. These are serious existential threats for vulnerable populations such as minorities and women of color, especially for me, speaking from my personal experiences, as I was developing my career and my practice as a medical doctor, the Defendants were actively destroying my multi-million dollar valued career, so callously and in their mind, it was totally alright. I have an inalienable right to pursue my career and my ambitions, but like during residency it's again about how my interests are mysteriously valued less than the Defendants whereby I cannot pursue my career and my ambitions, even though, inarguably, I was more competent objectively than my comparators, and it's really scary to be undermined just because I am a minority woman. Your Honor directly identified this issue early on with the denial of the Defendant's motion to dismiss, and as Your Honor can see from the evidence, my case, my arguments, and the submitted evidence, these are all self-evident of my fight for my civil rights, the right to protections afforded by laws and statues, my fight to maintain my uncompromising professional integrity, my right to not engage in professional misconduct even under duress, and my goal to serve the larger public by first doing no harm. I thank the court for it's time.

Sincerely,

*Leena Varughese*
Dr. Leena Varughese