Case 15-1328, Document 229-1, 07/06/2017, 2072604, Page1 of 33

# MANDATE

15-1328
*Varughese v. Mount Sinai Med. Ctr.*

N.Y.S.D. Case #
12-cv-8812(CM)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand seventeen.

PRESENT:
    ROBERT D. SACK,
    SUSAN L. CARNEY,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 06, 2017

LEENA VARUGHESE, M.D.,

    *Plaintiff-Appellant*,

    v.                                                           No. 15-1328

MOUNT SINAI MEDICAL CENTER, PATRICK LENTO, M.D., CARLOS CORDON-CARDO, M.D., ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D., JOHN DOES, 1-10,

    *Defendants-Appellees*,

ABC CORPORATION, INC., 1-10,

    *Defendant.*
_____

**MANDATE ISSUED ON 09/06/2017**

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | LEENA VARUGHESE, M.D., *pro se*, Piscataway, New Jersey. |
| FOR DEFENDANTS-APPELLEES: | RORY J. MCEVOY, Akerman LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2015 judgment entered by the District Court is **AFFIRMED**.

Appellant Leena Varughese, proceeding *pro se*, appeals the District Court's grant of summary judgment to defendants on her employment discrimination claims. We review a district court's grant of summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

Review of the record and relevant case law here reveals that the District Court properly granted summary judgment to defendants. We affirm for substantially the reasons stated by the District Court in its thorough March 2015 decision. The record supports the District Court's conclusion that no reasonable jury could find that Varughese, a woman of Indian descent, was denied a promotion, disciplined, and ultimately terminated for discriminatory reasons, as opposed to for her unacceptable behavior in a series of escalating incidents. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (holding that employee's "disruptive" behavior and refusal to "take direction from her supervisors" were "legitimate reasons for firing [her]"). As to her hostile work environment claim, we draw all inferences in Varughese's favor and consider as evidence of discrimination her supervisor's repeated remark that "you don't know the crazy things you find in India." Joint Appendix ("J.A.") 151. Varughese

testified, however, that the supervisor made the comment rarely: over three years, only "at least like four" times. J.A. 152. Even accepting that these comments may have evidenced discrimination, as a matter of law they were insufficiently severe and pervasive to constitute a hostile work environment. *See, e.g.*, *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010) ("Isolated incidents generally will not suffice to establish a hostile work environment unless they are extraordinarily severe."); *Alfano v. Costello*, 294 F.3d 365, 378-81 (2d Cir. 2002) (concluding that "five incidents in a span of more than four years" did not amount to a hostile work environment).

We have considered all of Varughese's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the March 31, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3